## Alfred Wildasin, Appellant, *v.* Samuel M. Bare.

*Execution—Levy—Description of land—Parol evidence.*

Where it is claimed that a levy includes two tracts of land not adjoining, but used as one farm, evidence dehors the levy showing adjoiners, boundaries and quantity is admissible, not to contradict, but to explain the ambiguity, and to show that both tracts were intended to be included, and were included in the description.

A mistake in a levy describing two tracts of land as being situated in the same township when in fact they were in different townships, will not affect the validity of the sale, if it appears that no one was misled by the mistake.

Argued May 20, 1895. Appeal, No. 229, July T., 1894, by plaintiff from judgment of C. P. York Co., Aug. T., 1892, No. 57, on verdict for defendant. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL. JJ. Affirmed.

Ejectment for thirteen acres of land in Penn township. Before BITTENGER, J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

[It was shown in evidence that the defendant in the judgment and executions, Philip Sterner, purchased the land as one tract of ninety-eight acres, although it was composed of two tracts, one of eighty-five acres, and the other thirteen acres; and that these tracts did not adjoin each other, being separated by a narrow field of Michael Wildasin, which was about five hundred or six hundred yards in width—sometimes stated by the witness to be seven hundred yards in width. It was mostly farm land, and was farmed as one tract, the smaller tract having no improvements on it. The said smaller tract is in Penn township. The other tract was in West Manheim township,— both, as we understand it, near the line dividing the townships. It was so used by Philip Sterner, the owner, at the time it was first levied by the sheriff, L. W. Finley, Esq. Said defendant was in possession at the time of the levy. He testifies that he owned no other real estate, and that he gave to the deputy sheriff a description of the land, the number of acres, adjoining owners, etc., on the day of the first levy.] [5]

Z. B. Heindel, Esq., testifies that on the day of the first levy he levied all the real estate that he knew belonged to Philip Sterner, the defendant in the judgment and writ,—possessed and owned by him,—which was located in West Manheim township; but that he afterwards learned of the smaller tract in Penn township, sought to be recovered in action, and levied that on the writ upon which it was sold to the plaintiff, Alfred Wildasin.

[The uncontradicted testimony is that of the adjoining owners named in the first levy and sheriff's return, two of them, Michael Wildasin and John Brillhart, adjoined both tracts of land then owned by the defendant in the writs, Philip Sterner, although part of Wildasin's tract, a narrow field, lay between the larger and the smaller tracts of the defendant in the executions. Another boundary named in the first levy, and in the deed of the defendant in evidence, is testified by Philip Sterner as extending along the eastern boundary of the smaller tract sought to be recovered in this suit by the plaintiff, namely: the Black Rock road, leading from Hanover to Black Rock; and perhaps he states also that for a very short distance the said

road bounded the larger tract, but that said road cut the larger tract in two.

The parol evidence was admitted to show the situation of the properties at the time of the levies and sales, and to assist the jury in determining whether or not the description in the first levy upon which the property was sold, and was described by adjoining owners, and as containing ninety-eight acres, more or less, embraced the smaller property which is the subject of this suit.] [6]

The notice was also admitted in evidence, which was given by the defendant at the sale at which the plaintiff thought he had purchased the smaller tract, that he had bought this smaller tract at a previous sale, and claimed title to the same, and owned the same, and it is testified that the plaintiff was there at that sale. The notice is in evidence, and will be before you.

[You will carefully consider the description of the property in the levy of October 6, 1891, taking the adjoining owners, and other descriptions therein, and in connection with the other testimony in the case say whether or not the tract of land described in the plaintiff's writ in this action,—namely, the fifteen acres, more or less, sometimes described by the witnesses as twelve acres and a half, and thirteen acres,—was included in that levy. If it was, the sheriff's deed corresponding, as it does, with the levy, vested title to this land in the defendant, and the plaintiff acquired no title under the subsequent levy on February 12, 1892, and the sale thereon, and sheriff's deed to him, dated and acknowledged May 9, 1892; and your verdict should in that event be for the defendant.] [7]

If the said land described in the plaintiff's writ as fifteen acres, more or less, stated in part of the evidence to contain twelve and one half or thirteen acres, was not so embraced in the first levy and sale to the defendant, then the subsequent levy and sale passed a title to said tract of ground to the plaintiff, and he is entitled to a verdict for the land described in the writ.

As stated before, the whole question depends upon the fact whether or not the land claimed in this suit was in the first levy, and was sold on the first sale, and is described in the defendant's deed. If it was, why, the plaintiff cannot recover. If it was not, then the subsequent levy and sale of the tract, and

his deed by the sheriff, gives him the right to the land, and gives him the right to recover.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (5–7) above instructions, quoting them.

*Perry J. M. Heindel*, for appellant.—In ejectment for a tract of land, the title to which rests on a sheriff's sale, the levy itself is the evidence of what the sheriff actually levied on : Beeson v. Hutchinson, 4 Watts, 442 ; Murphree on Sheriffs, 868 ; Rice v. Groff, 58 Pa. 116 ; McMicken v. Com., 58 Pa. 222 ; Kintzing v. McElrath, 5 Pa. 467.

The term " more or less " in a deed is mere matter of description, the surplus or deficiency is at the risk of the purchaser : 2 Wait's Ac. & Def. 503 ; Arnold v. Gorr, 1 Rawle, 224 ; Petts v. Gorr, 15 Pa. 218 ; Riddle v. Foster, 32 Pa. 167 ; Heartley v. Beaum, 2 Pa. 172 ; Thomas v. Henderson, 4 Kulp, 390.

The charge in the 7th assignment was misleading and gave power to the jury to alter, vary and contradict the written return of the sheriff : Donaldson v. Bank, 20 Pa. 247.

It is well settled that where there is any doubt as to the extent of the subject-matter sold, it is a matter of extrinsic evidence to show what is included under the description as parcel of it, and the extent of the grant must go to the jury.   But it is equally well settled and the authorities are equally clear that the rule which allows extrinsic evidence to explain the extent of the subject sold, has no application when the subject-matter exists which satisfies the terms of the instrument of conveyance : 1 Rice on Evidence, 158 256* ;  Harvey v. Vandegrift, 89 Pa. 346 ; Foster v. Berg, 104 Pa. 324 ; McCullough v. Wainwright, 14 Pa. 174 ; Cox v. Freedley, 33 Pa. 130.

Where the evidence is clear and there is no room for doubt as to what land is included, the law of the case, as to which of the parties has the better title, is for the court, and they may give a binding direction upon the same : Ramage v. Peterman, 25 Pa. 349.

The quantity of land which passes by a sheriff's sale to the purchaser is to be ascertained by the extent of the levy : Hoffman v. Danner, 14 Pa. 25.

The right of construing the written return of the sheriff

belongs to the court, and the quantum of estate conveyed by a sheriff's deed is referable to the court alone : Donaldson v. Bank, 20 Pa. 247.

And only in cases of doubt as to the extent of the sheriff's levy will evidence aliunde be admitted : Hoffman v. Danner, 14 Pa. 25.

It is the rule of this court to disallow in every case a lumping sale by the sheriff, where from the distinctness of the items of property he can make distinct sales. It is essential to justice and to the protection of the unfortunate debtors that this should be the general rule; and any other would lead to the most shameful sacrifices of property. There may be exceptions, but the purchaser must bring himself within them. The present case is not one : Rowley v. Brown, 1 Binn. 62; Ryerson v. Nicholson, 2 Yeates, 517 ; Brownjohn v. Hurst, 2 Yeates, 517; Klopp v. Witmoyer, 43 Pa. 219 ; Baker v. Gas Co., 73 Pa. 120 ; Murfree on Sheriffs, 704 ; 6 Wait's Ac. & Def. 738.

*E. W. Spangler, W. A. Miller* with him, for appellee.—Where there is an uncertain or ambiguous description in a sheriff's levy of real estate, parol evidence is admissible to show what is included in the levy : Hyskill v. Given, 7 S. & R. 372; Spang v. Snyder, 10 Pa. 193; Erb v. Scott, 14 Pa. 28; Scott v. Sheakly, 3 Watts, 50 ; Inman v. Kutz, 10 Watts, 90 ; Coxe v. Blanden, 1 Watts, 533; Scheetz v. Fitzwater, 5 Pa. 126; Zeigler v. Houtz, 1 W. & S. 540.

If the plaintiff in this execution had been dissatisfied with the levy and sale, he should have moved to set them aside : Buchanan v. Moore, 13 S. & R. 304; Carpenter v. Cameron, 7 Watts, 600 ; McCormick v. Harvey, 9 Watts, 485 ; Heartley v. Beaum, 2 Pa. 165.

These two properties were bought as a whole, farmed as a whole, levied as a whole and sold as a whole. There was nothing illegal in selling it as a whole : 1 Troubat & Haly's Prac. 1001; Hughes v. Calvert, 5 W. N. C. 98; Burkholder v. Sigler, 7 W. & S. 154; 22 Am. & Eng. Ency. of Law, 584.

Actual notice of an adverse title will generally conclude a purchaser at sheriff's sale, and he will then stand in the same situation as the defendant: Eshbach v. Zimmerman, 2 Pa. 313; Brown v. Bank of Chambersburg, 3 Pa. 187; Moyer v. Moyer,

3 Pa. 242; Keeler v. Vantuyle, 6 Pa. 250; Coleman v. Seiss, 27 Pa. 291; Patton v. Hollidaysburg, 40 Pa. 206.

It is sufficient that notice of an adverse title be given at the sale: Barnes v. McClinton, 3 P. & W. 67; Weeks v. Haas, 3 W. & S. 525; Moyer v. Schick, 3 Pa. 242.

OPINION BY MR. JUSTICE DEAN, October 7, 1895 :

This suit is an ejectment against defendant for the possession of thirteen acres of land in Penn township, York county.    This and a tract of eighty-five acres, described as in West Manheim township, on 25th of September, 1891, belonged to Philip Sterner; on a judgment against him, an execution went into the hands of sheriff Findley, who, by virtue of this writ, made the following levy: "On all the following described tract of land situate in West Manheim township, York county, Pennsylvania, containing ninety-eight acres, more or less, adjoining lands of Henry Dusman, John Brillhart, Michael Wildasin and others, and the public road leading from Hanover to Black Rock, with the improvements thereon," having thereon a dwelling house, grist mill, orchard, etc.    The property was regularly condemned, vend. ex. issued, and sold to S. M. Bare, this defendant, for $2,755 ; the sheriff made return of the sale, and on December 16, 1891, duly acknowledged his deed to the purchaser for the land described in the levy.    It appeared from the evidence, defendant at the date of the levy was the owner of two tracts, which were separated by an intervening strip of land three or four hundred yards wide, of which last he was not the owner; both tracts, however, were farmed together by him as one farm, and although conveyed to him by two deeds, both were delivered to him the same day ; three townships adjoin very near to that location, and while, as now appears, the smaller tract is in Penn township, the levy describes the ninety-eight acres as in West Manheim.    Afterwards, on the 11th of January, 1892, the plaintiff in the first writ, the sale thereon not having paid his judgment, issued an alias fi. fa., and levied on the thirteen acre tract, describing it by adjoiners, and as in Penn township; after condemnation, it was sold on a vend. ex. by the sheriff to Alfred Wildasin, the plaintiff, for two hundred and thirty dollars, and deed to him duly acknowledged.    Bare, the purchaser at sheriff's sale, having in the

meantime gone into possession of both tracts, Wildasin brought this ejectment against him on his sheriff's deed for the smaller one.

At the trial the learned judge of the court below was of opinion that although the levy was ambiguous, yet if it was actually on both tracts, and the description was intended to and did include them, the plaintiff could not recover; and whether the description did include both tracts could be answered by evidence dehors the levy, showing adjoiners, boundaries and quantity, not to contradict, but to explain the ambiguity. He therefore submitted the evidence to the jury to find whether from the description in the levy, both tracts had been seized and sold. The verdict was for defendant, the purchaser at the first sale, and plaintiff now appeals, preferring eleven assignments of error, which do not call for separate consideration.

It may be admitted that neither the officer nor counsel for plaintiff in the execution, in view of the importance of having an accurate descriptive levy, performed properly the duties devolving on him. The description of defendant's land was in his deeds, either of record or in his possession, which should have been resorted to before indorsing the levy; but this neglect, although probably the cause of this litigation, does not vitiate the sale, if the description in the levy can with reasonable certainty be fitted to the land sold.

The sheriff called on the defendant in the writ and asked him for a description of his land; he named the quantity, ninety-eight acres, which included both tracts, then gave him the adjoiners; the adjoiners are those of both tracts; all of them would not adjoin the larger tract. "The public road leading from Hanover to Black Rock" does not adjoin the large tract, while it does the small one; the lands of Dusman and Aaron Wildasin do not adjoin the ninety-eight acres, but only the eighty-five acres; those of Brilhart and Michael Wildasin adjoin both tracts; so that description by adjoiners identifies with reasonable certainty the two tracts taken together, but does not describe either separately. In admitting evidence tending to identify both tracts as the land described in the levy, there was no contradiction of the levy as returned and made part of the record, but a mere application of it to the subject of it. That this may be done in the case of an ambiguous description

in a sheriff's levy of real estate, is held in Spang v. Snyder, 10
Pa. 193 ; Erb v. Scott, 14 Pa. 20; Scheetz v. Fitzwater, 5 Pa.
126, and in many cases both before and since the decisions in
these.   The owner of the two tracts, the defendant in the writ,
testified positively that he used both pieces as one farm, and
there is no contradiction of his testimony in this particular.
In Buckholder v. Sigler, 7 W. & S. 154, where the owner of a
larger tract, subsequent to his first deed, purchased from other
parties one acre, and the sheriff had described the land in his
levy by adjoiners, with no reference to the one acre, this court
held that : " As he occupied and used both parcels as one tract
only, and never otherwise, . . . . it was unquestionably suffi-
cient, in order to include both, for the sheriff to describe them
generally as one tract of land, in the manner he has done in his
levy." That these two tracts did not actually adjoin does not
change the reason of the rule for so holding; which is, land
used as one farm, or for one purpose, ought to be sold as a whole
unless it appear that it would sell to a better advantage when
offered in parcels.   Here, taking both tracts together, was a
small farm of ninety-eight acres, used as one farm by the former
owner, with buildings and improvements adapted to the farm ;
there is nothing in the evidence to show they ought to have
been levied on or sold separately.   The plaintiff in the writ, if
the description was uncertain, should have moved the court to
set aside the sale before deed acknowledged, but he made no
objection, and then issued an alias writ and levied on the smaller
tract ; this second sale passed no title, if the tract was included
in the first levy, and the jury on competent evidence have found
it was.

Nor do we think the fact that the smaller tract was not in
the same township as the larger affects the validity of the sale.
It appears now there was a misdescription in the location by
township of both tracts ; the whole tract of ninety-eight acres
is described as in West Manheim township, while in fact the
thirteen acre tract is in Penn, and the eighty-five acre tract in
Heidelberg; the three townships corner at about that point,
hence the mistake.   But the mistake in the name of the town-
ship it is not alleged misled the purchaser or any bidder ; the
error is not of that gravity which would of itself be destruc-
tive of title.

Nor was the plaintiff, the purchaser at the second sale, misled. Bare, the purchaser at the first sale, gave distinct notice to all bidders at the second that the smaller tract had been purchased, and was claimed by him under the first levy. So, with his eyes open, he took the risk, and has now no ground of complaint.

We are of opinion, therefore, the court below upon the special facts of this case committed no error, either in the admission of evidence tending to show the land levied on and sold to Bare included both tracts, or in submitting it to the jury to find whether the levy actually did include both. We do not intend to disturb the general rule, that a levy upon land should be fairly descriptive.

The assignments of error are overruled, and the judgment is affirmed.