# Erb *versus* Scott.

Parts of a record attested and certified, may be attached together and attested and certified as a true copy and exemplification of the whole record, without recopying the same; and when certified by the clerk, to comprise full and perfect transcripts of all the records and judicial proceedings in the case, and the seal of the court annexed and certified by the judge, styling himself president judge of a judicial circuit, which circuit includes the county from which the record comes, and the presiding magistrate of the Court of Common Pleas for that county, contains every requisite of the act of Congress of 26th May, 1790.

The record of an action in a court founded on the common law, consists of the writ, declaration, pleas, and judgment; and an exemplification of these is sufficient on which to found an action of debt. An exemplification of the executions is not necessary. Per GIBSON, C. J.

This case was brought up from the Court of Nisi Prius. It was an action of debt, by David Erb and Jacob Erb, administrators, &c. of Christian Erb *v.* Freeman Scott, administrator, &c. of Henry Landis, on a judgment recovered in Ohio.

On the trial, before GIBSON, C. J., the following certificates, with other certificates, were offered in evidence and admitted.

[Erb *v.* Scott.]

*The State of Ohio, Clark County,* ss.

I, James S. Halsey, clerk of the Court of Common Pleas, of the county aforesaid, do hereby certify that the copies of the several executions of *fi. fa., et lev. fa., venditioni exponas,* and second *venditioni exponas,* hereunto attached, and the appraisements also hereunto attached, which executions and appraisements are marked (A), (B), (C), (D), and the endorsements, sheriff's returns and advertisements thereon copied, are true copies of the original executions, appraisements, endorsements, sheriff's returns and advertisements on file in said case;—and further, that the same, namely, the copies immediately attached to this, my present certificate, together with the copies attached to my three preceding certificates, which are hereunto annexed, and are dated respectively the 6th of January, 1848, comprise full and perfect transcripts of all the records and judicial proceedings in the said case; and that I have carefully and repeatedly examined the said records and judicial proceedings, with a view to this and my three several preceding certificates, and that there are no other records or judicial proceedings therein whatsoever, save those above and herein transcribed and certified.

[SEAL.]    In witness whereof, I have hereunto set my hand and affixed the seal of said court, at Springfield, this 6th day of January, A. D. 1848.

J. S. HALSEY, Clerk.

*State of Ohio, Twelfth Judicial Circuit,* ss.

I, James L. Torbert, President Judge of the Twelfth Judicial Circuit of the State of Ohio, which circuit includes Clark County, in said State, and the presiding magistrate of the Court of Common Pleas for Clark County, in the State of Ohio, do hereby certify that the last foregoing attestation of James S. Halsey, clerk of the Court of Common Pleas of said county of Clark, is in due form of law.

Given under my hand, the 17th day of January, A. D. 1848.

JAMES L. TORBERT, Prest. Judge.

[SEAL.]    J S. HALSEY, Clerk.

On the trial, GIBSON, C. J., delivered the following opinion, after argument, the plea of *nul tiel* record being filed.

GIBSON, C. J.—The record of an action in a State whose jurisprudence is founded on the common law, of which a court judicially takes notice without proof of the fact, consists of the writ, declaration, pleas, and judgment, and this, when properly authenticated, is sufficient to found an action of debt in a court of a sister State,

[*Erb v.* Scott.]

with the effect not merely of a foreign judgment but of a judgment by a court in the same State. It was unnecessary, therefore, for the plaintiff to exhibit more, particularly an exemplification of the executions, or the marginal entries on the minutes of the bill and decree in equity. As the effect of the latter was to show the amount which had not been collected, it would be the business of the defendant to produce them, were not the credits admitted by the plaintiffs; and it is immaterial to the issue before me, therefore, whether they were authenticated according to the act of Congress or not. What we have to do with then, is the certificate to authenticate what is properly the record. The judge styles himself in it "the president judge of the twelfth judicial district of the State of Ohio; which district *includes* Clark county, in said State of Ohio;" and the objection is that he does not style himself president judge of the Court of Common Pleas of Clark county. It is true the act of Congress requires the certificate to be the act of the "judge, chief justice, or presiding magistrate, as the case may be," and consequently of the particular court in which the record is; but are we not to infer from this certificate that the judge was the presiding magistrate of all the courts which composed the district, and consequently of the Common Pleas of Clark county? If he was a president judge, it was of some court; and if not of each court in his district, of which court else? We are not to scrutinize the words of such a certificate as the words of an indictment, but to give them a reasonable construction, and above all, not to wrest them from their natural import. It is justly said by Professor Greenleaf, in his Law of Evidence, Part III. s. 504, that though the States of the Union are, in all things not surrendered to the general government, to be treated between themselves as foreign states, yet that "their domestic relations are rather those of domestic independence than of foreign alienation;" and we are consequently at liberty to look into the constitution and laws of a State for the structure of its judiciary, because its officers share, to the extent involved in the present question, in the distributive justice of the whole United States.

The courts of Common Pleas of Ohio are constructed on the model of the courts of Common Pleas of our own State; and what construction would we put on such a certificate by one of our own presidents? That the exact style of the office is not necessarily to be expressed, was determined in the Commonwealth *vs.* Leib, 1 *Watts & Serg.* 251, a case nearer to the present in principle, if not in circumstances, than any that has been quoted. By the constitution of Pennsylvania, judges of the Common Pleas are commissioned as such without any other official title; yet they are *virtute officii* judges of Oyer and Terminer, of Quarter Sessions, and of the Orphans' Court; yet it was held in that case, that an official bond which a statute required to be approved of by the judges of

the Quarter Sessions, was good though it was approved of by the actual judges of the Quarter Sessions, styling themselves judges of the Common Pleas. On the same principle it was held in Kean *v.* Franklin, 5 *Serg. & Rawle* 154, that a recognizance to the president of the Orphans' Court was valid, though no judge is expressly so denominated in the constitution. But even without pretending to take judicial cognizance of the structure of the courts in Ohio, we would be led by a reasonable and fair interpretation of this certificate, to say that the certifying judge was the presiding magistrate of every court within his district, and of the Common Pleas of Clark county among the rest.

Let judgment be for the plaintiff.

The act of Congress, of May 26, 1790, § 1, provides: "That the records and judicial proceedings of the courts of any State, shall be proved or admitted, in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form."

The constitution of the State of Ohio provides, that: "The several courts of Common Pleas shall consist of a president and associate judges. The State shall be divided into three circuits; there shall be appointed in each circuit a president of the courts, who, during his continuance in office, shall reside therein. The president and associate judges in their respective counties, any three of whom shall be a quorum, shall compose the court of Common Pleas.

It was assigned for error, that

1. The court erred in giving judgment for plaintiff on the plea of *nul tiel* record. 2. The court erred in deciding that the record offered by plaintiff was certified agreeably to the act of Congress. 3. The court erred in admitting the record in evidence.

The case was argued by *Perkins* for Scott, defendant in the action. The record offered purported to be the record of a judgment obtained in the Court of Common Pleas of Clark county, in Ohio. To this record there are no less than four attestations and four certificates. The objections to this mode of authentication, are:

1st. The act of Congress does not contemplate, nor provide for certifying the record in detached parts, but requires the record itself;—the whole record, as such, to be certified in the manner prescribed.

The first attestation is the one that addresses itself to what is properly the record, to wit: the writ, declaration, pleas, and judg-

[Erb *v.* Scott.]

ment; and to that the certificate of the judge is defective. He styles himself "President Judge of the 12th Judicial Circuit of the State of Ohio, which circuit includes Clark county." But he does not profess to be either the judge, chief justice or presiding magistrate of *the court from which this record comes.*

This is essential. And certifying that he is anything else, more or less, is not sufficient. 3 *Bibb* 369; 3 *Barr* 483, Lothrop *v.* Blake; *Wal. C. C. R.* 162; 4 *Bin.* 113.

The second attestation only professes to attest certain copies of entries on the minutes, and says nothing about the record.

The third attestation only professes to attest certain entries on the execution docket, and says nothing about any record.

The fourth attestation is not an attestation of a record, but is an attestation or certificate that certain copies attached to it, together with copies attached to three preceding certificates annexed, comprise full and perfect transcripts of all the records and judicial proceedings in the case.

*C. Ingersoll* for plaintiffs in the action.—The Chief Justice decided the case in favor of the plaintiff below upon the ground, that the first attestation, which attests the record proper, was sufficient to warrant a judgment against defendant. Objection was early taken, that the attested copy obtained was imperfect; it contained only the record proper under the Ohio statutes, and did not contain copies of the executions and other matter, which is no part of a record in Ohio. *Swann's Statutes of Ohio*, 678. To obviate the objection, the plaintiff produced four distinct attestations:—1. An attestation of the mere record proper. 2. An attestation of certain minutes and statements, showing the actual present balance due on the judgment. 3. The execution entries. 4. The last attestation includes all matter comprised by the three former attestations, and covers matter, whether of record proper, or of judicial proceedings merely. The act of Congress uses the words "records and judicial proceedings of the courts of any State." The fourth attestation, covering all the records and judicial proceedings in the case, must needs comprise every thing which could legitimately come within the province of the clerk's attestation, and not more. If this be protected by a certificate of the president judge, the case is with the defendant on another ground besides that taken by the chief justice. He contended that the certificate was sufficient. That is not liable to the criticism upon the first certificate, for the judge who certifies is in the fourth certificate stated to be the "presiding magistrate of the court."

The opinion of the court was delivered, April 3d, 1850, by

COULTER, J.—It is not necessary to say any thing in relation to the first attestation of the clerk and certificate of the presiding

[Erb *v.* Scott.]

magistrate; nor of any of them except the last, or what is called, in the errors assigned, the fourth.   Because the judgment of this court is, that parts of a record may be attested and certified at the same time, as was the case here, and that those parts may, at the same time, be attached together, and attested and certified as a true copy and exemplification of the whole record, without recopying the same; and that the attestation of the clerk, as to the whole record attached, is full and sufficient; and the certificate of the presiding judge or magistrate entitled the record and judicial proceedings, attested and certified, to admission in evidence.   In this attestation of the clerk and certificate of the presiding judge, every requisite of the act of Congress of 26th May, 1790, is fulfilled; and if something more than is strictly necessary be therein contained, that does not vitiate or destroy their validity.

Judgment affirmed.