### Province McCormick and George W. Bradfield *vs.* Henry T. Deaver.

EVIDENCE: PLEADING: FOREIGN DECREE: CERTIFICATE OF CLERK.—In an action upon a decree of the Circuit Court of Clarke County, Va., the defendant pleaded *nul tiel record.* The record offered in evidence was authenticated as required by the Act of Congress of 1790, ch. 11, and the certificate of the clerk of said Court thereon was: "that the foregoing is a true transcript of the record and proceedings in a certain case, lately depending in said Circuit Court, between N. and W. as trustees, plaintiffs, and D. and W., *et al.* defendants, with all things touching the same, as fully and wholly as they now exist among the records of my office."—HELD:

1st. That in the absence of any special objection to said record, the said certificate imports such positive and absolute verity that it cannot be contradicted or the truth of it denied in this State, sooner than in the State where it originated,—certainly not by mere inference.

2nd. It is clear that if the transcript contains a full statement of the proceedings amongst which is the decree relied on by the appellants, the plea of the appellee would be no legal defence to the action.

3rd. If an alleged defect in such record *affirmatively* and *clearly* appears on the face of the record, and it is apparent that the whole proceedings have not been transmitted, the clerk's certificate would not preclude the Court from a consideration of the defect, especially if that defect substantially affected the merits of the decree.

4th. That where there is intrinsic evidence on the face of the decree that the whole matters in controversy were submitted to the judicial action of the Court, and were finally passed upon, in the absence of any proof to the contrary it will be inferred—notwithstanding the objection that the decree was not signed by the Judge or Clerk of said Court—that the whole of the proceedings were in conformity with the legally authorized practice of the Courts of Virginia in entering decrees.

5th. "That the Act of 1790, ch. 11, rests upon the assumption, that the proceeding of a Court of a different State, if authenticated according to that Act, is warranted by and in accordance with, the laws of the State."

APPEAL from the Circuit Court for Frederick County:

This was a suit brought on a decree of the Circuit Court for Clarke County, in the State of Virginia, on which the appellants declared. The appellee,—defendant below, pleaded *nul tiel record,* and issue was joined. The record of proceedings of the Virginia Court was offered in evidence before the Court below, to sustain the issue on the

part of the plaintiffs, the present appellants. The appellee objected to the record, and the Court below (NELSON, J.) rejected the same and this appeal was taken from such rejection. For further statement of the case see the opinion of this Court.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Jos. M. Palmer*, for the appellants.

The only question submitted to the Court under the pleadings in this case, is a question of evidence, and it will be insisted on the part of the Appellants, that the ruling of the Court below, in refusing to admit the record of the judgment, upon which the action was brought in evidence, was clearly erroneous. The plea of *"nul tiel record"* is the general issue plea to an action of debt on a judgment of a Court of a general jurisdiction of any other in the United States. The record of such a judgment, if authenticated according to the provisions of the Act of Congress of the 26th of May, 1790, is in the Courts of this State, entitled to full faith and credit, and purports absolute verity, in all cases, where the Court rendering the judgment had, at the time of rendering it, jurisdiction of the cause and the parties. The judgments of other States of the Union, are, by the constitution, put upon the same footing as domestic judgments. The judgment and decree upon which this action was brought, is entitled to the same faith and credit in this State, as it was entitled to in Virginia. If the judgment in this case is conclusive in Virginia, it is equally conclusive everywhere in the States of the Union, and the Courts in this State are bound to give to it full faith and credit. 3 *Story Com.*, 183.

In *Keighler vs. Savage Manufacturing Co.*, 12 *Md. Rep.*, 415, it is said: "A judgment imports absolute verity, and

is conclusive, unless fraud, &c. be shewn," and the policy of the law and the reasons for it, are briefly and forcibly vindicated.

The law is well settled both in England and this State, that the plea of *"nul tiel record"* is only proper where there is either no record, or where there is a material variance between the declaration and the judgment declared upon. The plea of *"nul tiel record"* puts in issue only the existence of the record of the *judgment* upon which the action is brought. This is the settled principle of the Common Law. The only question involved in this case is: under the pleadings, does there exist such a record of the Circuit Court for the County of Clarke, in the State of Virginia, as is recited in the Plaintiff's declaration in the Court below? 1 *Ch. Pl.*, 8 *A. M. Ed.*, 486, 487. *Com. Digest "Pleader,"* 2 *W.*, 13. 1 *Tidd's Pract.*, 651. *Marsh vs. Cutler*, 3 *Mod. R.*, 41. *Coy vs. Hymas, Strange R.*, 1171. *Pitt vs. Knight*, 1 *Saund. R.*, 92, (note 3.) 3 *Ch. Pl.*, 1181, 1182. In 2 *Saunders' Pl. and Ev.*, part 1, p. 256, and part 2, 751, 752, these principles are clearly defined. Mr. Saunders says, that "on *nul tiel record* pleaded, the plaintiff will only have to prove the judgment." The effect of the record, if it had been received, is quite a different matter. The solution of this question depends entirely upon two distinct propositions.

1st. Is the record of the judgment of the Circuit Court for the County of Clarke, in the State of Virginia, upon which the action was brought, authenticated according to the Act of Congress of 26 May 1790? If it is, the ruling of the Circuit Court is erroneous.

2nd. Is there a material variance between the declaration and the said judgment?

As to the first proposition, the question as to the conclusiveness of a judgment of any other State, when the record is authenticated according to the Act of Congress

of 1790, is no longer a matter of debate. Entertaining these views, we deem it useless to do more than simply to refer the Court to the authorities. *Harris vs. Hardeman*, 14 *How.*, 336. *Armstrong vs. Carson*, 2 *Dallas' R.*, 302. *Coburg vs. Hammond*, 2 *H. & G.*, 49. *Mills vs. Duryee*, 7 *Cranch*, 481. *State vs. Fridge*, 3 *G. & J.*, 103. *Hampton vs. McConnel*, 3 *Wheaton*, 234. *Powles vs. Dilley*, 2 *Gill*, 241.. *Benton vs. Burgot*, 10 *Ser. & Rawle*, 241. *Randolph vs. Griffith*, 3 *Md. Rep.*, 54. *Ridgely vs. Crandall*, 4 *Md. Rep.*, 441. *McEmoyle vs. Colhen*, 13 *Peters*, 312–330. 3 *Story's Com. on the Constitution*, 183. *Starbuck vs. Murray*, 5 *Wend.*, 148.

The leading cases on this subject, are collected and analyzed in a note to the case of *Mills vs. Duryee*, &c., in the 2nd vol. of *American Leading Cases*, 551 to 567.

The real question in this case, we submit, has been settled by the Court of Appeals of this State. *Bank of the U. S. vs. Merchants Bank of Baltimore*, 7 *Gill*, 417, 426. 7 *Cranch*, 481. 3 *Wheaton*, 234. 13 *Peters*, 314. (above cited.) *Wernwag vs. Pawling*, 5 *Gill & Johnson*, 434. *Case vs. McGee*, 8 *Md. Rep.*, 10. In this case we insist that the authentication is a literal compliance with the Act of 1790, and that there was error in the Court below, in refusing to admit the record in evidence. 1 *Greenleaf's Evidence.*

If the clerk attest that the record of the judgment is truly taken from the records of the Court, and the presiding judge certify it to be in due form, it is conclusive, and no other evidence can be admitted to show that it is not in due form. *Ferguson vs. Harwood*, 7 *Cranch*, 408. 1 *Burr's Trial*, 98. 1 *Peter's C. C. Rep.*, 418. *Pettibone vs. Derringer*, 4 *Wash. C. C. R.*, 215. *United States vs. Amedy*, 11 *Wheaton*, 392. *The St. Lawrence*, 9 *Cranch*, 122.

The true meaning of the words "in due form" by the Act of 1790, is that of the State or of the Court from

whence the record comes. *Craig vs. Brown*, 1 *Peters' C. C. Rep.*, 35. *Sergent's Constitutional Law*, 388.

If the copy produced as evidence purports to be a record, with a proper certificate from the clerk and presiding judge, it will be presumed that the paper is a full and complete copy of the entire record. 7 *Cranch*, 408, (above cited.) *Edmiston vs. Schwarts*, 13 *Ser. & Rawle*, 135.

Every legal intendment is to be made in favor of the judgment and decree of the Circuit Court for the County of Clarke, in Virginia. *Wernwag vs. Pawling*, 5 *Gill & John.* 500. *Bringle vs. McClellan*, 7 *Gill & John.*, 434. 2 *Harris & Johnson*, 41.

The record of the judgment and decree offered in evidence in this case, being authenticated strictly according to the requirements of the Act of Congress of 1790, as we have conclusively shown, was admissible in evidence, and the ruling of the Circuit Court was wrong.

It is admitted that a judgment, of a sister State, rendered by a Court having no jurisdiction over the cause or the parties, is a nullity, and not binding anywhere; but the want of such jurisdiction in an action upon such judgment, in another State, can only be taken advantage of by special plea. 5 *Wend.*, 154, (cited above.) *Wilson vs. Bank of Mt. Pleasant*, 6 *Leigh's Rep.*, 575.

In this State *nil debet* is not a proper plea in an action on a judgment of another State, therefore the defendant would be compelled to plead the want of jurisdiction specially. *Hughes vs. Davis*, 8 *Md. Rep.*, 271.

As to the second proposition. There, certainly, is no material variance between the declaration and the judgment and decree upon which the action is brought. They are not only substantially, but literally alike. The declaration recites the judgment and decree with perfect accuracy, as the Court will see by a careful examination of the declaration and the decree.

*G. Eichelberger*, for the appellees.

The pretended record does not, in fact, show that any such decree was passed as the appellees now assume to base their action upon; that is, there is no record at all of any such decree as is declared upon. The record proceedings in the case in Virginia are recited in the declaration; and even if a genuine decree was actually certified by the clerk, it would be necessary that the whole record should be properly set forth. Otherwise the clerk might alter or omit whatever he thought proper. Mere extracts will not answer. 2 *Phil. Ev.*, 183 and 426. *Christine vs. Whitehill*, 16 *S. & R.*, 98. *Burch vs. Scott*, 7 *H. & J.*, 67. 2 *Saund. Pl. and Ev.*, 317. 1 *Id.*, 352, Title *"proceedings in Chancery."* 1 *Greenleaf, Ev.*, secs. 506 and 511. See also the following cases where the existence of the record is the question. *Randall vs. Jones, Cowp. Rep.*, 17. 7 *Johns.*, 514. *Gilb. Ev.*, 920. The record must not even contain abbreviations. *Pow. Ev.*, 245, 246.

It is argued on the other side that: "If the copy produced as evidence purports to be a record, with a proper certificate from the clerk and presiding Judge, it will be presumed that the paper is a full and complete copy of the entire record." This would have been good law if it had continued—"provided the contrary does not appear from the face of the record."

As to the power of Courts to examine a record notwithstanding the certificate—as to whether it be perfect on its face, see: 2 *Phil. Ev.*, 424. *Beauchamp vs. Mudd*, 1 *Lit. Sel. Ca.*, 142. (5 *Lit. Ky. Rep., Supplement.*) *Edmiston vs. Schwartz*, 13 *Serg. & Rawle*, 135. *Voris vs. Smith, Id.*, 335. *Christine vs. Whitehill*, 16 *Id.*, 107. *Hampton vs. Spekenagle*, 9 *Id.*, 221. *Ingham vs. Creary*, 1 *Pa. Rep.*, (*Rawle, Penrose & Watts*,) 394. 2 *Phil. Ev.*, 344.

The record shows no evidence of a decree of the Court of which it purports to be a record. The *decree* is not signed. Decrees in Chancery evidenced by the signature of the

Chancellor. *Newland's Ch. Pr.*, 316, 378.   2 *Danl. Ch. Pr.*, 1217.   *Bogardus vs. Trinity Church*, 4 *Paige Ch.*, 199, 203.  *Butler & Belt vs. State*, 8 *G. & J.*, 381.  *Burch vs. Scott*, 1 *G. & J.*, 293.  *Post vs. Neafie*, 3 *Caine*, (*N. Y.*) 30.  *Rogers vs. Ross*, 4 *John. Ch. Rep.*, 402.

GOLDSBOROUGH, J., delivered the opinion of this Court.

The principal question in this case arises out of the ruling of the Circuit Court for Frederick County, by which, the record offered by the appellants as the foundation of the suit in controversy, was not admitted in evidence. The question of the admissibility of this record was raised by the appellee's plea of *nul tiel record.*

The record alluded to, professes to be a transcript of proceedings had in the Circuit Court for Clarke County, in the State of Virginia, amongst which, the appellants allege there is a decree passed by the Court against the appellee for the sums therein stated.  Upon this, as a foreign decree, the appellants instituted their action in the Circuit Court for Frederick County.  The record is authenticated according to the requirements of the Act of Congress of 1790, ch. 11; and the appellee concedes that this authentication is certainly *prima facie* evidence of the correctness of the record.  But he insists that by an inspection of the record, it will appear that material portions of the proceedings have been omitted, and further, that the paper purporting to be the decree upon which suit was brought, was not signed by the Judge of the Circuit Court for Clarke County.  By reference to the certificate of the clerk of that Court, we find that he certifies "that the foregoing is a true transcript of the record and proceedings in a certain cause lately depending in said Circuit Court, between Neill and West's trustees, plaintiffs, and Deaver and West and others, defendants, with all things touching the same, as fully and wholly as they now exist among the records of my office."

In the absence of any special objection to this record, this certificate imports such positive and absolute verity that it cannot be contradicted or the truth of it denied here, any more than in the State where it originated, certainly not by mere inference. See *Wernwag vs. Pawling*, 5 *G. & J.*, 507. It is clear that, if the transcript contains a full statement of the proceedings amongst which is the decree relied on by the appellants, the plea of the appellee would be no legal defence to the present action. We deem it proper to say if the defect *affirmatively* and *clearly* appears on the face of the record, and that the whole of the proceedings have not been transmitted, the clerk's certificate would not preclude us from a consideration of the defect, especially if that defect substantially affected the merits of the decree.

It is contended by the appellee that the record is defective in this, that the deed which is made an exhibit in the cause, refers to a schedule of debts made part of the deed, and that this schedule is omitted in the transcript. "The clerk says the schedule referred to was recorded with the deed and fills over fifty pages of the deed book." Whatever may be said about the schedule forming part of the deed, it certainly does not follow from the clerk's statement, that it was exhibited with the bill or omitted by him. He does not so state and it is but inferential. It cannot outweigh the intendment which must be made in favor of the record as certified, especially as the clerk states "the following are copies of the exhibits filed with the bill."

It is further contended that the record is defective because the clerk states that "the exhibit B, filed with the bill of complaint, being a receipt and statement filed by Henry T. Deaver, is not in the papers and cannot be found." The absence of this last paper thus accounted for, is no sufficient ground for impeaching the decree.

McCormick et al. *vs.* Deaver.

Though it is objected that the paper purporting to be a decree was not signed by the Judge or clerk of the Court, yet, in our opinion, there is intrinsic evidence on the face of it, that the whole matters in controversy were submitted to the judicial action of the Court, and were finally passed upon; and in the absence of any proof to the contrary, this Court will infer that the whole of the proceedings were in conformity with the legally authorized practice of the Courts in Virginia in entering decrees—more especially as the clerk certifies that the decree was a part of the record of proceedings, and his certificate authenticates the record as we find it. In the case of *Case vs. McGee,* 8 *Md. Rep.,* 14, this Court said the Act of 1790 rests upon the assumption "that a proceeding of a Court of a different State, if authenticated according to that Act, is warranted by, and in accordance with the laws of the State." The objection made by the appellee that there is a variance between the decree and the cause of action set out in the plaintiff's declaration, is not sustained by reference thereto. The sums decreed to be paid by the appellee to the appellants, constitute the cause of action and are correctly and sufficiently stated in the declaration. After a careful examination of the whole case, we are of opinion that the record of proceedings in the Circuit Court for Clarke County is not defective, and that the plea of the appellee was improperly sustained.

We shall reverse the judgment and order judgment to be entered in this Court for the appellant in conformity with the 14th section of the 5th Article of the Code.

*Judgment reversed and*
*Judgment for the appellants.*

(Decided October 31st 1864.)