PETER BEILMAN

*vs.*

EDWIN W. POE ET AL., RECEIVERS OF THE UNITED
SURETY COMPANY.

*Insolvent Corporation—Interest on Claim—Foreign Judgment—Full Faith and Credit Clause.*

That the lower court of another state, to which a cause had been remanded by the appellate court on affirming the judgment of the lower court, in passing an order which in terms affirmed its former judgment, in accordance with the local practice, stated the amount of interest thereon to the time of affirmance by the appellate court, did not entitle the judgment creditor to the amount of such interest, accruing after the appointment of receivers for the debtor, as against the latter's other creditors receiving no interest on their claims.      pp. 485, 486

A judgment of another state, when filed against assets in the hands of receivers in the courts of Maryland, has no priority over unsecured Maryland claims.                              p. 486

The "full faith and credit" clause of the United States Constitution, while it protects judgments of other states from being inquired into as to the merits of claims merged in them, gives them no preference in the distribution of assets, it having reference to the fact and validity only of judgments and not to the effect or manner of their enforcement.                    p. 486

The courts may, in distributing the assets of insolvents, disregard interest.                                          p. 487

The allowance of interest on foreign judgments is determined by the *lex fori.*                                          p. 487

*Decided May 5th, 1921.*

Appeal from the Circuit Court of Baltimore City (HEUISLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*J. Wallace Bryan,* for the appellant.

*Robert W. Williams,* with whom were *Janney, Stuart & Ober* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the court.

This appeal is from an order of the Circuit Court of Baltimore City overruling exceptions to an audit, which exceptions were based on the refusal of the auditor to allow interest claimed by appellant to be a part of a judgment recovered by him against the United Surety Company of Baltimore in the Supreme Court of New York, in and for the County of Kings, and which judgment, duly authenticated, was filed against the assets of said company in the hands of appellees, receivers by appointment of the Circuit Court of Baltimore City.

It is admitted that the company is insolvent. On November 13th, 1911, the New York Court entered a judgment for $11,167.09 against the United Surety Company in favor of Peter Beilman and others. On May 2nd, 1912, Beilman, the appellant, filed in the receivership proceedings his duly executed, sworn claim against said company for the amount of said judgment "with interest thereon until date of payment," etc.

Attached to said claim was a duly certified transcript of the judgment, and original assignments, whereby the interests of the other plaintiffs in said cause of action and judgment were duly assigned and transferred to Peter Beilman.

On February 1st, 1913, appellant filed a supplemental sworn claim for $814.15, being for interest on said judgment from November 13th, 1911, until February 1st, 1913, the date of filing said supplemental claim, in which he claimed interest accrued

"in accordance with the terms and provisions of Section 1211 of the Code of Civil Procedure and Section 370 of the General Business Law of the State of New York; and further that he is entitled under and by virtue of the same statutes, and otherwise, to interest at the same rate yet to accrue upon said judgment from said 1st day of February, 1913, until the date of the payment of his said judgment," etc.

In the meantime, the receivers, by leave granted by the Circuit Court of Baltimore City, over the objection of appellant, entered an appeal from the judgment of November 13th, 1911, to the Appellate Division of the Supreme Court of New York, which court, by order dated April 9th, 1915, affirmed the judgment of the Supreme Court. Thereupon the receivers entered an appeal from the judgment of said Appellate Division to the Court of Appeals of the State of New York, which, on November 21st, 1917, entered an order affirming the judgment of said Appellate Division, and directing entry of judgment for the plaintiffs, with costs.

Upon receipt of the mandate from the Court of Appeals of New York, the Supreme Court entered, in accordance with what is said to be New York practice, two orders, as follows, viz:

Order of December 17, 1917: After reciting the appeal to the Court of Appeals from the appellate division, and the order of the Court of Appeals "that the judgment so appealed from be affirmed, and judgment entered for the plaintiffs with costs," proceeds:

"Now, on motion of Chase, Cahoone and Regan, attorneys for the plaintiffs, there being no appearance in opposition, it is ordered that the said judgment of the Court of Appeals be and the same is hereby made the judgment of this court; and that the judgment entered on the 13th day of November, 1911, for the sum of $11,167.09, which, with the interest thereon, amounted on November 21st, 1917, the date of the said affirmance by the Court of Appeals, to the sum

of $15,202.09, be and the same is hereby affirmed, and
the judgment of this court be entered herein affirming
said judgment, with costs of said appeal against the
defendant to be taxed."

Order of December 18th, 1917: After the same recitals
as in the previous order, and the further recital of the passing
of said order, proceeds:

"Now, on motion of Chase, Cahoon and Regan, attor-
torneys for the plaintiffs, it is adjudged that the judg-
ment in this action entered on the 13th day of No-
vember, 1911, for the sum of $11,167.09, which, with
the interest thereon, amounted on November 21, 1917,
the date of said affirmance by the Court of Appeals, to
the sum of $15,202.09, be and the same is hereby af-
firmed. And it is further adjudged that the plaintiffs
recover of this defendant the sum of $154.99, the
amount of their costs herein as taxed, and that they
have execution against said defendant therefor."

On April 16, 1918, appellant filed in the receivership pro-
ceedings his duly executed and sworn "amended and consoli-
dated claim" for $15,202.09, based upon the aforegoing
orders, attached to which were duly certified transcripts of
said orders.

At the hearing of the exceptions, appellant offered, in addi-
tion to the above, Section 1211 of the Code of Civil Proce-
dure of the State of New York, providing that a judgment
for a sum of money shall bear interest from the time when
it is executed; and Section 370 of the General Business Law
of the State of New York, providing that "the rate of inter-
est upon the loan or forbearance of any money, goods or
things in action, except as otherwise provided by law" shall
be six per cent.

The real question in this case is, did the Supreme Court
of New York, by its orders of December 17th and 18th, do
anything more in effect than affirm the judgment of Novem-
ber 13th, 1911, for $11,167.09 ? The order of December

17th is substantially "that the said judgment of the Court of Appeals, be and the same is hereby made the judgment of this Court." The rest is simply an affirmance of the judgment of November 13th, 1911, with a statement of what it amounted to with interest added up to the date of the affirmance of the Court of Appeals.

The order of December 18th is also an affirmance of said original judgment with a like statement as to interest. Now what was the judgment of the Court of Appeals which was made the judgment of the Supreme Court? According to the recitals in the said orders of December 17th and 18th, it was simply "that the judgment so appealed from be affirmed, and judgment entered for the plaintiff with costs."

Manifestly, if the original judgment was affirmed, it continued to be a subsisting judgment and was not displaced by a new judgment, and the judgment ordered by the Court of Appeals was simply a judgment of affirmance with costs.

Of course that judgment was increased by the interest that had accrued under the New York law, just as a similar judgment in Maryland would have been increased by interest accruing under the law of this State.

Now there can be no question that a judgment of another State, when filed against assets in the hands of receivers in the courts of this State, has no priority over unsecured Maryland claims.

The "full faith and credit clause" of the Constitution of the United States protects judgments of other states from being inquired into as to the merits of claims merged in them, when such judgments come before the courts of this State. It gives them no preference in the distribution of assets. It has reference to the *fact* and *validity* only of judgments and not to the *effect* or the *manner* of their enforcement. That is governed and controlled by the *lex fori*.

As said by Mr. Justice Gray, in *Wisconsin* v. *Pelican Insurance Co.*, 127 U. S. 265, these constitutional provisions "establish a rule of evidence rather than of jurisdiction." "While they make the record of a judgment rendered after

due notice in one State conclusive evidence in the courts of another State or of the United States, in the matter adjudged; they do not affect the jurisdiction either of the court in which the judgment is rendered or of the court in which it is offered in evidence." See also *McElmoyle* v. *Cohen,* 13 Peters, 212; *Brengle* v. *McClellan,* 7 G. & J. 434; *Bank of the U. S.* v. *Merchants Bank of Baltimore,* 7 Gill, 415.

That the courts of this State are authorized to disregard interest in distributing the assets of insolvents, is settled by the *American Casualty Insurance Company's Case,* 82 Md. 535. This practice is approved by the United States Supreme Court and the Court of Appeals of New York. See *Thomas* v. *Western Car Company,* 149 U. S. 95; *People* v. *American Loan & Trust Co.,* 172 N. Y. 371.

It has been held in quite a number of jurisdictions in this country and elsewhere that the allowance of interest on foreign judgments is determined by the *lex fori.* 22 *Cyc.* 1481.

It is admitted in this case that no interest accruing after the receivership was computed on any claim.

What difference can it possibly make to appellant whether interest be computed on all unsecured claims or none. it being admitted that the assets are insufficient to pay in full, even without interest? But what he is asking is that interest be computed on his claim alone simply because he happens to own a New York judgment. He could with as much reason complain that his judgment is not paid in full while all other creditors receive only a dividend.

Finding no error in the order appealed from it will be affirmed.

*Order affirmed, with costs to appellee.*