MARION B. COANE *v.* GIRARD TRUST COMPANY

[No. 47, October Term, 1943.]

578

*Decided January 13, 1944.*

*D. Eugene Walsh* submitted on brief for the appellant.

*Theodore F. Brown* and *A. Earl Shipley* submitted on brief for the appellee.

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, MELVIN, ADAMS, and BAILEY, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

Girard Trust Company, trustee under will of James M. McCahan, deceased, recovered a judgment by confession against Marion B. Coane for $23,782.92 in the Court of Common Pleas No. 4 of Philadelphia County, Pennsylvania, on September 24, 1941, by warrants of attorney in her bond accompanied by a mortgage on her real estate in Philadelphia. On execution thereon the sheriff sold the property for $50. On October 16, 1941, the instant suit was filed in the Circuit Court for Carroll County on the judgment against Mrs. Coane, a resident of Westminster, Maryland. On August 10, 1942, nearly ten months after the commencement of the suit, defendant pleaded (1) *nul tiel record,* and (2) that the judgment was subject to the Mortgage Deficiency Judgment Act of Pennsylvania, approved July 16, 1941. 12 P. S., Sec. 2621.1 et seq. This Act provides that, whenever mortgaged real property is sold on execution to the mortgagee, the amount collectible from the mortgagor liable on the judgment shall be limited by fixing the fair market value of the property. The Act was held constitutional by the Supreme Court of Pennsylvania. *Fidelity-Philadelphia Trust Co. v. Allen,* 333 Pa. 428, 22 A. 2d 896. Plaintiff informed by replication that on April 24, 1942, the Court of Common Pleas No. 4 had fixed the fair market value of the property at $14,000,

and released the judgment to the extent of $11,623.44. On April 2, 1943, the Circuit Court admitted two transcripts of proceedings in evidence, and rendered a verdict thereon in favor of the plaintiff for $12,124.15, with attorney's commission of 5 per cent. for collection.

The right to maintain an action upon a judgment rendered in another State is guaranteed by Article 4, Section 1 of the Constitution of the United States. The framers of the Constitution, while forming a Union of sovereign States, were aware that many of the paramount objects of the Constitution would be frustrated unless each State accorded full faith and credit to the executive, legislative and judicial records of every other State. Congress prescribed the requisites of authentication and declared that records and judicial proceedings so authenticated shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken. 28 U. S. C. A., Sec. 687. In 1870 Justice Miller affirmed the axiom of our law that a judgment cannot be challenged in a sister State on the ground of errors in the record except such as prove that the court had no jurisdiction of the case, or that the entry of the judgment was beyond its power. *Cooper v. Reynolds' Lessee,* 10 Wall. 308, 20 L. Ed. 931, 932. In deference to the comity due from one state to another, we hold that an authenticated copy of the record upon which a judgment has been rendered is *prima facie* evidence of jurisdiction. *Zimmerman v. Hesler,* 32 Md. 274, 278; *Glenn v. Williams,* 60 Md. 93, 111. If the judgment has been rendered by a court of competent jurisdiction, the full faith and credit clause of the Federal Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles involved, and the judgment is conclusive as to all questions in controversy and all defenses which might have been interposed with proper diligence. *Groshon v. Thomas,* 20 Md. 234, 245; *Yost v. Yost,* 172 Md. 128, 190 A. 753; *Milliken v. Meyer,*

311 U. S. 457, 61 S. Ct. 339, 85 L. Ed. 278, 132 A. L. R. 1357.

Although defendant filed a plea of *nul tiel record*, she failed to show that the court lacked jurisdiction, or that the judgment was beyond its power. She did not dispute the validity of the bond and mortgage, or deny that she had defaulted, or question the authority of the trust company to recover judgment by confession. In addition, the record shows that she answered the petition to fix the fair market value of the real estate, that a hearing thereon was held in the City Hall in Philadelphia, and that the court decreed a partial release in compliance with the Act of 1941. It is well settled that, even though a judgment is entered by confession under a warrant of attorney without service of process, yet if its entry is permitted by the laws of the State, it will be conclusive in every respect except as to matters which affect the warrant, and will be entitled to full faith and credit in another State. *Egley v. T. B. Bennett & Co.*, 196 Ind. 50, 145 N. E. 830, 40 A. L. R. 436; *Carroll v. Gore*, 106 Fla. 582, 143 So. 633, 89 A. L. R. 1495; 31 *Am. Jur., Judgments*, Secs. 561-570.

Appellant's principal complaint was that this suit was filed before the partial release was decreed. Of course, it is thoroughly understood that the full faith and credit clause of the Constitution applies to final judgments which are unconditional and certain, or capable of being made so, and remaining in full force and effect in the State where rendered. If a judgment is interlocutory, or contains a condition which makes it uncertain whether any payment will be obligatory, an action of debt is not maintainable upon it. *Taylor v. Smith*, Tenn. Ch. App., 36 S. W. 970, 976; *McLain v. Parker*, 88 Kan. 717, 129 P. 1140; *Gobin v. Citizens' State Bank*, 92 Colo. 350, 20 P. 2d 1007; *Levine v. Levine*, 95 Or. 94, 187 P. 609; 3 *Freeman on Judgments*, 5th Ed., Sec. 1452; *Restatement, Conflict of Laws*, Sec. 434. But in determining whether or not judgment is conclusive, the court may consider it in the light of the entire record

of the proceedings in which it was rendered. For example, in a recent case where a judgment in a foreclosure suit reserved for future decision the issue as to priority of liens on the real estate, the court held that the judgment lost its interlocutory character in the light of the subsequent record showing sale of the property, adjudication of the rights of the claimants, payments of all liens prior to that of the mortgagee, and the determination of the exact amount of the deficiency, and therefore it became a final judgment enforceable by action in any other State. *Lubell v. Sutton*, Tex. Civ. App., 164 S. W. 2d 41. Likewise, in *East Denver Municipal Irrigation District v. Doherty*, 293 F. 804, 811, where suit was brought in New York on a Colorado judgment, which contained a condition that if the defendants should pay a certain other judgment they should be allowed a credit for the amount paid, the court declared that question of the credit could be considered upon proper proof on settlement of the orders therein.

Ordinarily, a decree authorizing foreclosure of a mortgage, although providing for the mortgagor's ultimate personal liability for any deficiency, is not a judgment creating a definite indebtedness, and hence no action at law can be maintained upon it in another State until the amount of the deficiency has been ascertained. *Walker v. Garland*, Tex. Com. App., 235 S. W. 1078; 2 *Freeman on Judgments*, 5th Ed., Sec. 1066. Under the procedure in Pennsylvania, however, judgment is entered by virtue of a warrant in the bond, and the mortgaged property is sold on execution by the sheriff. The judgment is final on its face, and final in its nature in so far as it settles controverted questions and determines the rights of the parties. In this case the judgment for $23,782.92 was not interlocutory, but final, and the sheriff in Pennsylvania had authority to sell the property six months before the partial release was entered. Moreover, there is nothing in the Act to show that the Legislature of Pennsylvania intended to make such judgments interlocutory. This is a remedial law,

which the Legislature expressly stated was intended merely to limit the amount collectible on such judgments after the fair market value has been determined. The maximum amount due to Girard Trust Company was definite at the time of the institution of this suit, and the exact amount payable on the judgment was definite before the filing of the pleas. The fact that partial release was decreed between the filing of the declaration and the pleas did not bar an exemplification of the record from admission in evidence. A defendant in an action based on a judgment against him may file a special plea setting up the defense of complete or partial release, or payments made since the rendition of the judgment. 2 *Poe, Pleading and Practice,* Sec. 404C; 3 *Freeman on Judgments,* 5th Ed., Sec. 1461; *Dyal v. Dyal,* 65 Ga. App. 359, 16 S. E. 2d 53. A valid judgment rendered in another State will be enforced in Maryland if the amount to be paid is fixed in the judgment, or has since become fixed under the law of the State which rendered it. *Restatement, Conflict of Laws,* Sec. 436.

According to the certificate of the prothonotary of the Courts of Common Pleas, his 1941 transcript was "a true copy of the record * * * as full, entire and complete as the same remains on file," while his 1942 transcript was "a true copy of the petition to fix the fair value, answer to petition, decree and release, and certificate of part of docket entries * * * as full, entire and complete as the same remains on file." Appellant attacked the exemplification of the record on the ground that the prothonotary omitted some of the docket entries from the 1942 transcript. Our evidence statute provides that a short copy of a judgment or decree rendered by any court of record of this State, certified by the clerk under the seal of the court with the docket entries, is admissible evidence in any other court in this State to prove the rendition of such judgment or decree, and it is not necessary to produce a full exemplified copy of the record in order to prove such judgment or decree. Code, 1939, Art. 35, Sec. 84. But to prove any debt of

record entered in any other State or foreign county, an exemplification of the record is "good and sufficient evidence" in any court in this State. Code, 1939, Art. 35, Sec. 48. Chief Judge Boyd interpreted this statute as a mandatory rule that, whenever suit is brought in this State on a judgment recovered in another State, and a plea of *nul tiel record* is interposed, the transcript of the record required to obtain the judgment must be complete in order to be admissible. *Mundy v. Jacques*, 116 Md. 11, 81 A. 289. While recognizing that an exemplification of only a part of a record is not "good and sufficient evidence," yet an exemplification containing all material parts of the record is sufficient for admission in evidence in this State. The record in an ordinary civil action consists of the process with the return thereon, the pleadings, verdict and judgment. *Sims v. Douglass*, 82 F. 2d 812. These constitute sufficient exemplification to afford the basis of an action in Maryland, and it is unnecessary to include copies of other proceedings such as executions issued on the judgment. *Erb v. Scott*, 14 Pa. 20. It is obvious that after the 1941 transcript was admitted in evidence, it was not necessary to include a duplicate copy of these proceedings in the 1942 transcript. One transcript contained the complete record leading up to the judgment; the other showed that the Mortgage Deficiency Judgment Act of 1941 had been complied with. The two transcripts taken together constituted a complete exemplification of all material parts of the record.

We, therefore, conclude that the court below was bound to admit the transcripts in evidence and enter judgment thereon by mandate of the Constitution of the United States and the Acts of Congress passed in pursuance thereof.

*Judgment affirmed, with costs.*