IDA M. PICKING *v.* LOCAL LOAN COMPANY

[No. 19, October Term, 1945.]

254

*Decided November 9, 1945.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, JJ.

*Ida M. Picking, pro se.*

No brief and no appearance for appellee.

HENDERSON, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Baltimore County, sitting as a jury, entered on February 24, 1945, for the sum of $408 with interest from August 22, 1942, and costs, and a counsel fee of $50 allowed to plaintiff's counsel. The declaration was filed

on August 22, 1942, purportedly under the Act of 1886, Chapter 184. It contained the common counts (1) for goods bargained and sold, (2) for work done and materials provided, (3) for money lent, and a fourth count "For that the plaintiff recovered a judgment per the exemplified and certified transcript of judgment No. 4526785 which is attached herewith and made part hereof for the sum of $400.00 and costs of $8.00 against the defendant * * * rendered on the 3d day of August, 1942, by the Municipal Court of Chicago, in the City of Chicago, County of Cook, State of Illinois, court of record whose official acts are entitled to full faith and credit in this State, no part thereof having been paid or satisfied." The plaintiff's claim was for $700. The notice to plead warned the defendant to plead "in accordance with the Act of 1886, Chapter 184, and amendments thereto." There was an affidavit annexed dated August 20, 1942, taken before a notary public of Illinois, by "J. Murphy, Secretary of the plaintiff corporation," who swore that $408 was due and owing on the said judgment, and that he was the agent of the plaintiff, duly authorized to make the affidavit and with personal knowledge of the facts.

The annexed transcript of judgment showed that on August 3, 1942, a "contract confession" case was instituted and filed by the plaintiff, in the Municipal Court of Chicago. Proceedings were had thereon before the Hon. Eugene Holland, one of the Judges of the Municipal Court, as follows: "Now comes the Plaintiff in this cause; also comes the Defendant who by virtue of defendant's warrant of attorney files herein a *cognovit* confessing the action of the plaintiff against the defendant and that the plaintiff has sustained damages herein against the defendant in the sum as set forth in said *cognovit*. Whereupon the plaintiff moves the court final judgment herein. It is therefore considered by the Court that the plaintiff have and recover of and from the defendant Ida Hyman the damages of the plaintiff amount-

ing to the sum of Four hundred and no/100 dollars ($400.00) in form as aforesaid confessed, together with costs by the plaintiff as herein expended, and that execution issue therefor." Joseph L. Gill, clerk of the Municipal Court of Chicago and keeper of the records thereof, certified under the seal of the Court, "the above and foregoing to be a true, perfect and complete copy of certain proceedings made and entered of record in said court in a certain cause lately pending in said court, between Local Loan Co., a corporation plaintiff and Ida Hyman defendant." Another certificate by Edward S. Scheffler, the Chief Justice of the Municipal Court, declared that Joseph L. Gill was the Clerk of said Court, and still another certificate by Joseph L. Gill declared that Edward S. Scheffler was the Chief Justice of said Court.

Upon being summoned, the defendant filed a demand for the particulars of the claim under the common counts, and as to the fourth count, demanded copies of the alleged "confession contract" and *"cognovit,"* and statement of evidence, if any, on which the judgment was based. On exceptions to the demand for particulars, the Court sustained the demand as to the first three counts, overruled it as to the fourth count. Thereupon the plaintiff filed a bill of particulars stating merely that the particulars of the first three counts were the same as under the fourth count.

The defendant then filed pleas, as follows: (1) *Nul tiel* record, (2) that the judgment was invalid for lack of jurisdiction in the Chicago Municipal Court, (3) that the transcript of judgment was incomplete and insufficient in that it did not contain a copy of the contract confession and warrant of attorney, or a copy of the *cognovit,* (4) that the defendant was not a resident of Illinois and did not own property therein, (5) that she had no notice of the proceeding in the Chicago Municipal Court, and did not authorize anyone to appear for her therein, (6) that the defendant executed a promissory note secured by a chattel mortgage of household furnishings over nine years ago, and that the furnishings were

sold and the proceeds accepted by the plaintiff in full satisfaction of said note and chattel mortgage. No affidavit accompanied these pleas.

The plaintiff filed a replication to the first plea and demurred to the others. Upon hearing, the demurrers were overruled as to each plea. The plaintiff then filed replications to the defendant's second, third and fifth pleas and demanded particulars of the fourth and sixth pleas. The defendant demurred to the plaintiff's replication to her second, third and fifth pleas, and furnished particulars of her fourth and sixth pleas. The plaintiff excepted to the particulars furnished as to the sixth plea. Upon hearing, the defendant's demurrers were overruled and the plaintiff's exception was likewise overruled. The plaintiff filed a replication to the defendant's sixth plea. A demurrer to this replication was overruled, and the parties being at issue, the case was set for trial on February 20, 1945. On February 16, 1945, the defendant served notice on the plaintiff that she would ask the trial court to take judicial notice of certain laws of the State of Illinois, relating to small loan companies.

The plaintiff offered in evidence, over objection, the transcript of judgment attached to the declaration; no further evidence was offered. The defendant then filed a written motion for a directed verdict, on the ground of legal insufficiency of evidence, which the court overruled. She then took the stand, and offered to read in evidence the statutes of Illinois which she had quoted in her notice. This was admitted, subject to exception. She testified that about nine years ago she signed a note payable to the plaintiff although she didn't know the exact amount, secured by a mortgage on furniture and a wage assignment. She went to the plaintiff and was informed that if she sold the furniture and paid them the proceeds "they would take that in satisfaction of the debt." She sold the furniture, gave them all of the money for it, and "each time I gave them money for the furniture, they gave me a receipt in the amount." She pro-

duced one receipt for $33 dated July 6, 1934, reading "part payment received from part sale of furniture." The receipt did not show how the payment was applied, or the balance due. The witness stated that the plaintiff promised to return the note to her, but did not do so. The last payment was in August, 1934.

On cross-examination, the witness admitted that she wrote a letter to the plaintiff, dated September 19, 1934, in which she said: "Not hiding away from you, but didn't have money to offer you * * *. I must pay every one of my creditors. You come first. I don't owe anyone else except the final gas and electric bill." In explanation, the witness said: "After this furniture was sold and brought less than $100.00, they said they were dissatisfied with taking that amount. I didn't know my legal rights then, and I told them if ever I made a lot of money, then I would pay them." She further said: "The furniture must have brought about $97.00, and the note was $300.00." The defendant offered no further testimony, but renewed her motion for a directed verdict on the ground of the legal insufficiency of the evidence. This was overruled, and the court found a verdict for the plaintiff. The court said: "She admits herself that she still owes a very substantial portion of this money and she was under the impression that by some arrangement for the sale of her furniture, she was to satisfy this obligation. I have no testimony that convinces the court that any such arrangement was ever made."

Defendant then filed a motion in arrest of judgment, which was overruled, and then a motion to strike out the judgment, which was also overruled. Appeal to this Court followed.

The declaration purported to be brought under the provisions of the Speedy Judgment Act, but the reference to the Act of 1886, Chapter 184, and amendments thereto (P. L. Laws, 1930, Art. 4, Secs. 312-315B), was to the Baltimore City Act, rather than the Baltimore County Act (P. L. Laws, 1930, Art. 3, Secs. 84-91).

Whether this reference to an Act not applicable in Baltimore County would preclude the plaintiff from reliance upon the provisions of the Baltimore County Act, is a question we need not consider in this case. We also pass the questions raised as to the sufficiency of the affidavit, since the case is not within the Act for other reasons.

The transcript of judgment was attached to and made a part of the fourth count, and the affidavit related solely to the judgment. The first three counts were not supported by the affidavit. Thus, while these three counts were good at common law, they were not good under the Act, and the trial court was clearly right in sustaining the defendant's demand for particulars. The plaintiff supplied particulars to the effect that the particulars of the first three counts were the same as those filed in connection with the fourth count. This took the case out of the Act. *Mueller v. Michaels*, 101 Md. 188, 194, 60 A. 485. The defendant then filed pleas, not under affidavit, and unsupported by a certificate of counsel, and the plaintiff replied thereto. In so doing, the plaintiff again waived any claim in reliance upon the Act. *Smith v. Women's Medical College*, 110 Md. 441, 444, 72 A. 1107; *Laubheimer v. Naill*, 88 Md. 174, 179, 40 A. 888; *Hutton v. Marx*, 69 Md. 252, 14 A. 684. The fact that the case was not within the Act did not prevent the case from proceeding as a common law action, but it has a bearing upon the right to the counsel fee subsequently allowed. *Mutual Life Insurance Co. v. Murray*, 111 Md. 600, 609, 75 A. 348; *Petite v. Homes*, 184 Md. 377, 41 A. 2d 71. Even if the fourth count was properly within the Act, the existence of other counts, not within the Act, prevents reliance upon the Act. *Litsinger v. Ross*, 185 Md. 154, 44 A. 2d 435.

The defendant did not demur to the declaration as particularized, which relied solely upon the transcript of judgment and did not purport to state a cause of action independent of it. The plaintiff, however, demurred to the defendant's second, third, fourth, fifth and sixth pleas, and these put in issue the sufficiency of the tran-

script by mounting up to the first error in pleading. 1 *Poe, Pleading and Practice,* 5th Ed., Sec. 706; *Cleaves v. Sharp & Dohme, Inc.,* 166 Md. 546, 171 A. 374; *Boteler v. State, to Use of Chew,* 8 Gill & J. 359.

The transcript showed on its face that it was authenticated in accordance with the Act of Congress, 28 U. S. C. A., Sec. 687, and the Maryland Statute; Code, Art. 35, Sec. 48; *Harryman v. Roberts,* 52 Md. 64, 77. But it also showed on its face that it was incomplete, in that the *cognovit* and the note containing the alleged warrant of attorney were not included. The Clerk's certificate did not declare that it was a complete record of the case, but only that it was a complete record of certain proceedings. In form, the record was merely that of a docket entry, or short copy such as is authorized by Code, 1939, Art. 35, Sec. 84, for use between the courts of this State in lieu of a full exemplified copy. *Mundy v. Jacques,* 116 Md. 11, 22 81 A. 289.

In that case in was held that a record from an Illinois court of general jurisdiction was incomplete where it appeared on its face that certain pleadings were omitted, although the court was careful to say that it did not mean to hold that the copy of a record must contain every paper filed, whether relevant or not to the question at issue. In *Coane v. Girard Trust Co.,* 182 Md. 577, 584, 35 A. 2d 449, 453, this Court said: "The record in ordinary civil action consists of the process with the return thereon, the pleadings, verdict and judgment. * * * These constitute sufficient exemplification to afford the basis of an action in Maryland, and it is unnecessary to include copies of other proceedings such as executions issued on the judgment." Compare *McCormick v. Deaver,* 22 Md. 187. In *Monarch Refrigerating Co. v. Farmer's Peanut Co.,* 4 Cir., 74 F. 2d 790, 792, where the record from the Superior Court of Cook County, Illinois, contained the *narr., cognovit,* affidavit, and judgment, constituting the judgment roll in the action in Illionis," it was held that there was a *prima facie* showing of jurisdiction.

The identical form of transcript used in the case at bar, from the Chicago Municipal Court, was held insufficient in Missouri. In *Bonnett-Brown Sales v. Utt*, 323 Mo. 589, 19 S. W. 2d 888, it was held there was a failure of the record to show any action on the warrant of attorney, by any one authorized to act. The narrow scope of this ruling is illustrated, however, by the subsequent opinion of the Missouri Court in *State ex. rel. Robb v. Shain*, 1941, 347 Mo. 928, 149 S. W. 2d 812. Compare *Carroll v. Gore*, 1932, 106 Fla. 582, 143 So. 633, 89 A. L. R. 1495. In the Florida case, although the judgment record sued upon and attached to the declaration was in the same form as in the case at bar, the declaration was broader and at the trial a certified copy of the court proceedings in Illinois was admitted in evidence, and a copy of the note was also admitted. The court held that jurisdiction was established.

We hold that the transcript in the case at bar was incomplete and defective, and should have been held so upon demurrer. The court also erred in admitting the transcript in evidence, over objection, and in failing to direct a verdict at the close of the case, since this was the only evidence produced by the plaintiff, and the defendant's testimony did not supply the deficiency. In so holding, we do not deny full faith and credit to the transcript, but merely declare that it fails to show on its face that the Chicago court obtained jurisdiction over the defendant.

In 2 *Poe, Pleading and Practice*, 5th Ed., Sec. 404 c, p. 382, it is said: "When a judgment of one of our sister states, authenticated in the mode prescribed by the Acts of Congress, is used as a cause of action in the courts of any other state, it is conclusive as to the merits, and is only open to attack upon the ground that the court rendering it had no jurisdiction. This objection it is competent for the party who sets it up to make good, not only from the record itself, if such want of jurisdiction there appear, but also by evidence *aliunde.* * * * When a suit is brought in Maryland upon a judgment of one

of our sister states, the only plea available to the defendant, if he desires to dispute its validity, is that of *nul tiel* record. * * * Upon the issue joined on the plea of *nul tiel* record, or special plea, which may and more properly should also be filed, denying the validity of the judgment on the ground of a want of jurisdiction in the court which rendered it over the defendant particularly when such want of jurisdiction is proposed to be shown by evidence outside the record, the record must be submitted, not to the jury, but to the court, for examination and inspection, and for a finding as a matter of fact of the issue joined between the parties upon such pleas. In finding such fact, the court necessarily determines the character of the judgment relied on, and whether the record submitted is the record described in the declaration and entitled to the legal operation and effect therein claimed of a valid and binding judgment. If in such a suit the defendant desired to set up defenses arising since the recovery of the judgment, such as payment, release, discharge in insolvency or bankruptcy, he should make them the subject of appropriate special pleas."

In *Coane v. Girard Trust Co.,* 182 Md. 577, 580, 35 A. 2d 449, 451, this Court said: "If the judgment has been rendered by a court of competent jurisdiction, the full faith and credit clause of the Federal Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity if the legal principles involved, and the judgment is conclusive as to all questions in controversy and all defenses which might have been interposed with proper diligence. * * * It is well settled that, even though a judgment is entered by confession under a warrant of attorney without service of process, yet if its entry is permitted by the laws of the State, it will be conclusive in every respect as to matters which affect the warrant." See also *Roach v. Jurchak,* 182 Md. 646, 650, 35 A. 2d 817; notes, 40 *A. L. R.* 441 and 89 *A. L. R.* 1503.

In *Grover & Baker S. M. Co. v. Radcliffe,* 66 Md. 511, 8 A. 265, in suit on a foreign judgment, the plaintiff offered a transcript from which it appeared that judgment was entered in Pennsylvania by a prothonotary on a warrant of attorney contained in a bond. It was contended that the right of the prothonotary was conferred by a statute of Pennsylvania, but the Court held that the entry was not authorized by the warrant, and that the judgment was not entitled to full faith and credit. This ruling was affirmed by the Supreme Court. *Grover & Baker Sewing Mach. Co. v. Radcliffe,* 137 U. S. 287, 11 S. Ct. 92, 34 L. Ed. 670.

Since our holding goes only to the sufficiency of the transcript of the Illinois judgment, and not to the merits of the controversy, we shall remand the case in order to permit the plaintiff to file an amended declaration within such time as the lower court may fix. *H. P. Rieger v. Knight,* 128 Md. 189, 201, 97 A. 358, L. R. A. 1916E, 1277; *Langenfelder v. Jones,* 178 Md. 421, 429, 13 A. 2d 263, 15 A. 2d 422. Since the case may be tried again, we deem it proper to discuss some of the other questions presented on this record.

The defendant's second plea was probably defective, as a mere conclusion of the pleader. In any event, the plaintiff would have been entitled to the particulars in which the defendant challenged the jurisdiction of the Illinois court by special plea. The third plea merely called attention to the facts that were in issue under the plea of *nul tiel* record. The fourth and fifth pleas, that she was not a resident of Illinois and owned no property therein, and that she had no notice of the proceeding, set up facts that were insufficient to meet the claim of jurisdiction under a warrant of attorney. The sixth plea, of accord and satisfaction prior to the date of the judgment, was entirely improper. If the Illinois court had jurisdiction of the person and subject matter, its judgment was not open to collateral attack. Moreover, the note was merged in the judgment. *Hazel v. Jacobs,* 78 N. J. L. 459, 75 A. 903; *Bower v. Casanova,* 44 F. Supp.

501.   Full faith and credit extends to a judgment, regardless of the validity or legality of the original cause of action.   *Titus v. Wallich,* 306 U. S. 282, 83 L. Ed. 653; *Magnolia Petroleum Co. v. Hunt,* 320 U. S. 430, 88 L. Ed. 149.   While the plaintiff was within her rights in asking the court to take judicial notice of the Illinois statutes (Code, Art. 35, Secs. 56-62; *Reisig v. Jewish Charities,* 182 Md. 432, 34 A. 2d 482), her testimony and arguments in regard thereto were irrelevant.

The defendant complains that the lower court in its judgment allowed interest on the Illinois judgment from the date the Maryland suit was entered.   In this she was not injured.   There was, of course, no proof of the legal rate of interest in Illinois, but interest was allowed at the legal rate in Maryland.   An obligation for the payment of money carries interest as a matter of right, and particularly in debt upon a judgment.   *Gwinn v. Whitaker,* 1 H. & J. 754.   The allowance is governed by the law of the forum.   *Beilman v. Poe,* 138 Md. 482, 487, 114 A. 586.   The defendant also contends that the judgment should not have included the Illinois costs.   She is correct in this, as there was no proof offered on the point, and the transcript contained no statement as to the amount of costs.   The allowance of counsel fee was also improper.

*Judgment reversed and case remanded, with costs.*