PERRY L. AND HORATIO TRUNDLE, *vs.* JOHN M. WILLIAMS, ADM. OF OVERTON WILLIAMS, USE OF JOHN M. WILLIAMS.—*December* 1846.

The plaintiff declared on a single bill of the defendant, who pleaded payment specially to have been made at certain times, and in certain amounts, on which plea issue was joined. The defendant proved his plea by the production of various receipts of the plaintiff. The plaintiff then proposed to prove, orally, that he had two bills for the same sum, and that the receipts were applicable to the note not sued upon. HELD: that he must produce that one, or account for its non-production; otherwise, the parol proof was inadmissible.

The best evidence of the existence, character, and contents of a written instrument, is the instrument itself.

APPEAL from *Montgomery* county court.

This was an action of *Debt*, commenced on the 30th October 1843, on the following single bill, of which oyer had been prayed.

"$1000.—On or before the first day of January 1841, we jointly and severally, promise and oblige ourselves, our heirs, executors or administrators, to pay or cause to be paid to *Overton Williams*, his heirs or assigns, the just and full sum of one thousand dollars, current money of *Maryland*, with legal interest from date, being for value received; as witness our hands and seals this 1st March 1839.

PERRY L. TRUNDLE,    ( Seal. )

HORATIO TRUNDLE,    ( Seal. )

HEZEKIAH W. TRUNDLE,    ( Seal. ) "

On the back of which said note were the following endorsements, viz:

"For value received, I hereby assign all my right, title and interest, claims and demands, of the within note, unto *John M. Williams*, this 6th day of April 1839, and guarantee the payment.    OVERTON WILLIAMS."

"Interest paid on the within, by note, up to the first day of January 1842.—*J. M. W.*"

"20th September 1842.—By cash on the within note, one hundred dollars.—*J. M. W.*"

"20th September 1843.—By cash on the within note, two hundred dollars.—*J. M. W.*"

The defendants pleaded, that the said single bill was assigned for value received, on the 6th April 1839, by *Overton Williams* to *John M. Williams*, and the said *Perry L. Trundle* paid to the said *John M. Williams*, for whose use the said suit is brought, the sum of $225, in part payment of the said single bill in the declaration mentioned, on the 24th February 1840, and the further sum of $309.91, in part payment of said single bill, on the 27th July 1840; and that the said defendant, *Perry*, afterwards paid to the said *John M. Williams*, for whose use the said suit is brought, and to whom the said single bill was assigned before then, the interest on the said single bill, up to the 1st January 1842; and on the 20th September 1842, the said *Perry L. Trundle* paid to the said *John M. Williams*, the further sum of $100; and on the 20th September 1843, the said *Perry* paid to the said *John*, the further sum of $200; and this the said defendants are ready to verify; wherefore, &c.

The plaintiff replied, that the said defendants have not, nor have either of them, paid to said plaintiff the said sum of money, in manner and form as the said defendants above, in their pleading, have alleged, &c.

To this replication the defendants rejoined, that the said *Perry L. Trundle* paid to the said *John M. Williams*, for whose use the said action was brought, the said sum of money, in the bill obligatory in the said declaration, mentioned, in the manner and form as they, the said *Perry L.* and *Horatio Trundle*, above, in their plea had alleged; and of this they put themselves upon the country, &c. On which issue was joined.

The jury found a verdict for the plaintiff.

At the trial, the plaintiff offered in evidence to the jury, the single bill, and endorsements thereon.

The defendant, to support the issue joined on his part, having first proved them to be in the handwriting of the plaintiff, by a competent and credible witness, read in evidence to the jury the following receipts:

"February 4th, 1840.—Received of *P. L. T.*, $225, in part payment on a note of hand, assigned to me from *O. W.*, for $1000.                    John M. Williams."

"Received this 27th July 1840, of *Mr. P. L. T.*, a check on the *Bank of Baltimore*, for 309.91, in part payment on a note of *O. W.*, use of *J. M. W.*, dated 1st March 1839.

John M. Williams."

"$100.—Received this 20th September 1842, of *P. L. T.*, $100, in part payment on a note of hand assigned to me from *O. W.*                    John M. Williams."

"Sept. 20th 1843, then received of *P. L. T.*, $200, in part on a note of hand for $1000, dated 1st March 1839.

John M. Williams.

Ass'd from *O. Williams.*"

Before reading the two last receipts to the jury, by the defendants, the plaintiff offered to admit them as being the same that were credited on the foregoing single bill, coupled with certain qualifications; which admissions, as qualified, the defendants declined, and refused to receive, and gave the said receipts in evidence to the jury.

The plaintiff, further to support the issue joined on his part, having first offered to prove them to be in the handwriting of the said defendant, *P. L. T.*, gave in evidence to the jury the following letters, to wit :—

"June 25th, 1840.

*Dear Sir:*—I have not sold my tobacco yet, and in consequence of that, I have not got you any money yet. I wrote to *Mr. Star* of *Baltimore*, yesterday, to sell, so I expect to get the money sometime this week; and if I do, I will bring it to you directly. Your's with esteem,    Perry L. Trundle.

Mr. *John M. Williams.*"

"*Dear Sir:*—I shall try my best to get the money that I owe you. I am going to send my corn to town the next trip that *Mr. Conly* makes, that will be about to-morrow week. I saw *Hezekiah*, Sunday, and he had not any money at all. I will go again to-morrow morning to see him. If I can possibly get any money in the neighborhood, I will get it for you. You shall not suffer by me, if I can possibly help it. You have

waited longer than I could expect, and I am very much obliged to you for waiting as long as you have.

Yours respectfully,     PERRY L. TRUNDLE.

Mr. *John M. Williams,* April 1st, 1840."

And the said plaintiff also offered evidence to the jury, to prove that the defendants, at the time the aforesaid single bill, the present cause of action, was given, executed another note or single bill, to the said *Overton Williams,* the intestate of the plaintiff; that the witness, *Fielder Darnell,* was present with the defendants, and the said *Overton Williams,* from whom the defendant, *Perry L. Trundle,* was about to purchase the land, for which the present cause of action was given, when the witness was asked, if he would write two notes, at one and two years, for the deferred payments of the land; that the witness declined, but said his brother *Thomas* would do it, and left the room. That soon after, the witness returned, and saw his brother *Thomas* writing at a table. Whereupon the defendants objected to the admissibility of any testimony, shewing the existence of notes, given by the defendants to the said *Overton Williams,* or the plaintiff, *John M. Williams,* other than the notes or single bills themselves, without first laying a proper foundation for the introduction of such testimony; and accounting for the absence of the notes spoken of; but the court, (WILKINSON and BREWER, A. J.,) overruled the defendant's objections, and permitted the said testimony to go to the jury. The defendants excepted to the opinion and direction of the court to the jury, admitting the testimony hereinbefore objected to. The plaintiff appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, SPENCE, MAGRUDER and MARTIN, J.

By R. J. BOWIE and T. S. ALEXANDER for the appellants. By J. BREWER for the appellee.

DORSEY, J., delivered the opinion of this court.

The cause of action, in this case, was a note of hand or single bill, for $1000, drawn by the appellants in favor of *Overton Williams,* the nominal plaintiff, by whom, in about one

month after its date, it was assigned to *John M. Williams,* the *cestui que use.* To the declaration of the plaintiff below, the defendants pleaded specially, certain payments, specifying dates and amounts, which they alleged they had made to *John M. Williams,* on account of the single bill, long after its assignment to him. These payments being distinctly put in issue in the pleadings in the cause, on the trial, the plaintiff having given in evidence to the jury the note with the assignment thereon, the defendants gave in evidence the receipts of *John M. Williams* for the disputed payments: which receipts stated the payments, for which they were given, to have been made on account of a note assigned by *Overton Williams* to *John M. Williams.* The plaintiff, then, without producing the note; or accounting for its non-production; or laying any foundation for the introduction of secondary evidence in proof of its contents; offered oral testimony to prove, that the defendants, at the time they gave the note already in evidence, had given to *Overton Williams* another note for the payment of money. The object of which oral testimony was to induce the jury to believe, that the disputed payments, insisted on in the defendants' plea, were made on the latter note; and not that on which the present action was instituted. To the admissibility of this oral evidence the defendants objected; but the county court overruled the objection, and permitted the testimony to go to the jury. In doing so we think the court were in error. The best evidence, of the existence, character, and contents, of a written instrument, is the instrument itself. Whether there were two notes, for the payment of money, given by the defendants to *Overton Williams,* is a question, which ought to be determined, by the production of the notes. As administrator of *Overton Williams,* and *cestui que use* in this cause, they are presumed to be in the possession of *John M. Williams,* and for their non-production, he has shewn no cause. If the note, of which oral testimony was offered, had been paid up, and delivered to the defendants, proof thereof should have been adduced; and a notice, to produce it at the trial, served upon the defendants. Of the hardship of his case, in this respect, the plaintiff had no cause to complain. He was

not taken by surprise. The necessity of producing the testimony he offered, was not for the first time made known to him by the evidence on the part of the defendants. The payments, asserted in the pleadings of the defendants, were made to him; he of course knew to what note or account they were intended to be applied; and to have come prepared, with competent testimony, to resist the defence set up against him, was his most obvious duty.

The judgment of the county court is reversed, and a *procedendo* awarded.

JUDGMENT REVERSED.