GEO. J. BEATTY, and others, Lessors, *vs.* FRANCIS A. MASON, and others.

*Probate of Wills of Land made in another State— What is admissible Evidence of such Wills and Probate, to affect lands in this State—Construction of the Code, Art. 93, sections 324, 325 and 327—Caveat—Register of Wills—Orphans' Court —Appeal—Character of Evidence required to establish adverse possession—Tax sales.*

Maryland Courts only are authorized to take probate of wills of land in Maryland.

A copy of a will from the Records of another State, is inadmissible in the Courts of this State, for the purpose of proving title to land.

Under section 327, Art. 93, of the Code of Public General Laws, if a copy of a will made in another State, authenticated as this section requires, be recorded in the office of the Register of Wills of any county in this State or the city of Baltimore, a copy from the records in that office, properly certified, will be admissible as *prima facie* evidence of title to land.

Beatty, *et al.*, Lessors, *vs.* Mason, *et al.*

But upon a proper construction of this section, when a copy of a will made in another State and probate is filed for record, it is the province and duty of the Register, before it is recorded, to determine, in the exercise of a sound judgment, whether it is properly "authenticated in the mode and by the officer authorized by the laws of such State."

Such copy is not admissible where the Register certifies only that it is *filed for record.*

When sufficient evidence of proper authentication is presented, it is made the Register's duty to record, and a failure to do so would be redressed by suitable application to the Courts.

A *caveat* filed in the Orphans' Court to the recording of such copy is not within their jurisdiction. The true inquiry is, whether there is sufficient proof to admit the copy to record under this section of the Code; and this question is to be determined by the Register, and not by the Judges of the Orphans' Court.

The copy thus recorded is subject to the same exceptions as other wills of Record, and a party claiming against it, is not precluded from showing that it was not properly authenticated, and should not, therefore, have been recorded.

A ruling of the Court below, which presents a mere abstract question, cannot be the subject of an appeal.

The erroneous admission of testimony, which did not prejudice the party objecting to its admission, is no cause for a reversal.

Possession to be a bar to the assertion of the legal title, must not only be adverse, exclusive and continuous, but it must be visible and notorious, so that the owner may be presumed to have notice of it.

A survey, unaccompanied by any other act of user and occupation, is not such a distinct and notorious act of possession as will justify the reasonable presumption of an ouster, or that the party went upon the land with a palpable intent to claim the possession as his own.

A tax sale is not a judicial sale, and the presumptions of law in favor of the latter are not extended to it.

It is incumbent upon the purchaser of land at a sale by a collector of taxes, to give proof in support of his title, that all the requisites of the law subjecting it to be sold for taxes, have been complied with. Each one of them forms a necessary link in the chain of title, and if any one of them is wanting, its continuity is broken, and the title cannot be upheld.

Beatty, *et al.*, Lessors, *vs.* Mason, *et al.*

APPEAL from the Circuit Court for Allegany County.

The facts of this case are sufficiently stated in the opinion of the Court.

The cause were argued before BARTOL, C. J., STEWART, BRENT, GRASON, ALVEY and ROBINSON, J.

*J. H. Gordon,* for the appellants.

*Geo. A. Thruston* and *Thos. J. McKaig,* for the appellees.

BRENT, J., delivered the opinion of the Court.

Although this case has been most elaborately argued, and a great many questions of law submitted for the consideration of the Court, a careful examination of the record shows that the points really at issue are but few ; and these, with one exception, have been judicially decided.

In the first, second, and sixth exceptions, the lessors of the plaintiffs to support their title to the tract of land for which this action is brought, offered in the several aspects therein mentioned, what purported to be a copy of the last will and testament of James Beatty, from the records of 1820, of Fayette county, in the State of Kentucky. The Court below rejected it as evidence admissible in any of the aspects in which it was offered, and in this the appellants allege there was error. In the case of *Budd vs. Brooke, et al.,* 3 *Gill,* 232, this Court in deciding upon the admissibility, as a muniment of title of a copy of the will of George Mason, which had been admitted to probate in Virginia, in 1716, and which was certified under the act of Congress, as in due form and by the proper officer, to be a true copy from the records there, use this language : "As respects the copy of George Mason's will offered in evidence by the appellee, we cannot entertain a momentary doubt of its inadmissibility. Of wills of *land in Maryland, our own Courts only are authorized to take probat.*" Sections 324 and 325, of Article 93, of the Code of Public

General Laws, cannot be construed as affecting the doctrine announced in this case. They are codified respectively from the Acts of 1785, ch. 46, secs. 2 and 3, and 1798, ch. 101, sub-ch. 2, sec. 4, which were in force at the time of its decision in 1845. Instead of these sections of the code making any change in the law, the case of *Budd* and *Brooke,* is to be taken as construing them in regard to their application to a copy of a will from the records of another State, when offered in the Courts here for the purpose of proving title to land. As all the offers of the copy of James Beatty's will, in the three exceptions referred to, depended upon its probat in Kentucky, and its being a true copy from the records of that State, it was clearly inadmissible.

Section 327, of Article 93, of the Code, is a literal copy of the Act of 1854, ch. 140, which was no doubt passed by the legislature to remove some of the difficulties to which parties were subjected, under the law as announced in *Budd* and *Brooke,* in establishing title to land in this State under foreign wills. The appellants claim that under it the copy offered and rejected by the Court in the third bill of exceptions, should have been admitted. If a copy of the will in question, authenticated as this section requires, had been recorded in the office of the register of wills of Allegany county, in this State, a copy from the records in that office *properly certified,* would, unquestionably, have been admissible as *prima facie* evidence. The section expressly provides that such copies shall be evidence " in all suits and actions at law, and in equity, in any Court in this State, wherein the title of any property real or personal, thereby devised or given, shall be in question." In looking however to the certificate of the register of wills of Allegany county, to the copy offered in evidence, we find he does not certify it to be a true copy of a certified copy of the original will of James Beatty, late of Kentucky, &c., *recorded* in his office,—but he certifies only that it is *filed for record.* Upon a proper construction of this section, when a copy of a will made in

another State, and probat is filed for record, it is the province and duty of the register before it is recorded, to determine in the exercise of a sound judgment, whether it is properly " authenticated in the mode, and by the officer authorized by the laws of such State." This he cannot do before it is presented and filed for record, and the certificate that a copy has only been filed for record, cannot therefore be taken to mean that it is actually recorded. When sufficient evidence of proper authentication is presented, it is made his duty to record it, and a failure to do so would be redressed by suitable application to the Courts. We do not think the *caveat* filed in the Orphans' Court to the recording of the copy of this will, is within their jurisdiction. The question to be determined is not the probat of the will, but the recording of a copy of a will which has been admitted to probat in another State. The true inquiry is, whether there is sufficient proof to admit it to record under this section of the Code, and this question is to be determined by the register, and not by the Judges of the Orphans' Court. We must not be understood as indicating that a copy thus recorded, can furnish anything more than *prima facie* evidence. It is subject to the same exceptions as other wills of record, and a party claiming against it, is not precluded from showing that it was not properly autheticated, and should not therefore have been recorded.

The ruling of the Court in the fourth exception presents a mere abstract question, and as such is not before us. The testimony objected to in the fifth exception as inadmissible, was offered by the appellees, and admitted by the Court, for the purpose of rebutting the right of the plaintiff's lessors to recover as heirs at law of James Beatty. Although this testimony was inadmissible under the decision in the case of *Trundle vs. Williams*, 4 *Gill*, 317, yet as the Court instructed the jury that "there is no evidence in the cause sufficient to shew that James Beatty did not die intestate as to the lands in controversy," the testimony excepted to did not prejudice

the plaintiff, and although erroneously admitted, is no cause for a reversal.

The seventh exception is taken to the granting of the fourth prayer of the defendants, and to the rejection of the third prayer offered by the plaintiff. It involves the question of a legal sufficiency of evidence to go to the jury to establish twenty years adverse possession of the land in controversy, on the part of the defendants, and those under whom they claim. All the authorities agree that possession, to constitute a bar to the assertion of the legal title, must be actual, adverse, exclusive and continuous. *Armstrong vs. Risteau's Lessee,* 5 *Md.,* 256 ; *Thistle, et al. vs. Frostburg Coal Co.,* 10 *Md.,* 147 ; 2 *Washburn on R. Prop.,* 489, and authorities there cited. In the very forcible language of the Judge, who delivered the opinion in *Thistle and the Frostburg Coal Co.,* " it must cover the full period of twenty years, it must be adverse, exclusive and unbroken, and the acts of user and ownership relied on must be such as will comport with the character of the claim or title of him who asserts ownership against all the world, and should not consist of acts merely, which might be done by any and all persons with impunity, in common with him who claims to be the real owner." It must not only be adverse, exclusive and continuous, but it must be visible and notorious, so that the owner may be presumed to have notice of it. The evidence of Armstrong, the surveyor, who does not know, but is under the impression that he surveyed the land for Wood, shortly after he bought it, is relied upon to fix the commencement of an adverse possession in August, 1844, the time of the tax sale. It is wholly insufficient for any such purpose, even if the date was established with certainty. A survey, unaccompanied by any other act of user and occupation, is not such a distinct and notorious act of possession as will justify the reasonable presumption of an ouster, or that the party went upon the land with a palpable intent to claim the possession as his own. But if it was sufficient to establish

possession in 1844, there is a total failure to connect it continuously with the possession proved by the witness Preston, to have commenced in 1848, when he entered upon the land under a lease from Wood. So far as this record discloses, there is not a word of testimony to prove any single act of ownership or occupation constituting possession in law, from the date of the survey, claimed to have been in 1844, to the occupation of the land by Preston, in 1848. The testimony further discloses that the occupation thus commenced, in the last mentioned year, actually terminated in 1862, if not earlier. The witness Sloan, who testified at the trial in February, 1866, and who was the only witness produced by the defendants to establish possession after 1852, says the land had then been vacant for four or five years. The defendants have therefore wholly failed, under the most favorable construction that can be given to the evidence offered by them, to furnish any legally sufficient proof of a continuous adverse possession for the full period of twenty years. This being the case, the Court below should have granted the prayer offered by the plaintiff, and rejected that which was granted on behalf of the defendants. The objection taken to the prayer of the plaintiff, that it is too general, cannot be sustained. Its sufficiency, in the form in which it is presented, is supported by the authorities cited in the argument, and especially by the case of *Steward, Adm'r vs. Spedden*, 5 *Md.*, 444.

Having determined that there is no sufficient evidence of an adverse possession of twenty years of the land in controversy in this case, it is unnecessary to express any opinion upon the question, whether Wood, under whom the defendants claim, was in possession as a *tort-feasor*, or in good faith under color of title.

The appellees have also placed their defence upon a claim of title under a tax sale made by Norman Bruce, as collector, in August, 1844, and very properly insist if the title derived under it is valid, a *procedendo* should not be granted, even if

error is discovered in the ruling of the Court below.   A tax sale is not a judicial sale, and the presumptions of law in favor of the latter are not extended to it.   It is incumbent upon the purchaser of land at a sale by a collector of taxes, to give proof, in support of his title, that all the requisites of the law subjecting it to be sold for taxes, have been complied with. Each one of them forms a necessary link in the chain of titles, and if any one of them is wanting, its continuity is broken, and the title cannot be upheld.   The sale in question was made under the law of 1840, ch. 234, passed with special reference to Allegany county.   A careful examination of the testimony discloses that there was a failure to comply with the requisites of this law in the very particulars, which this Court, in *Polk vs. Rose & Cronhardt,* 25 *Md.,* 153, decided were sufficient to invalidate the title set up under the tax sale in that case.   They consist of a failure, on the part of the Collector, to make any return to the Commissioners of Allegany county, that he could find no personal property, as required by the first section of that law, and so far as any evidence is produced, to give the notices required by sections two and three.   The requirements of the fourth section have also been wholly disregarded.   These irregularities, or any one of them, invalidate the sale under which the defendants claim, and they have derived from it no sufficient and valid title to the lands in controversy.

Upon the ground of error in the Court below, in granting the instruction contained in the seventh exception, and refusing the third prayer of the appellants, this judgment will be reversed.

*Judgment reversed and*
*procedendo awarded.*

(Decided 18th March, 1869,)