JOHN W. KURTZ *v.* ALBERT W. STENGER, ANCILLARY ADMINISTRATOR.

[No. 66, October Term, 1935.]

*Decided January 16th, 1936.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, SHEHAN, and JOHNSON, JJ.

*Charles G. Watson,* for the appellant.

*Walter C. Capper,* for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Garrett County passed on the 23rd day of June, 1935. John W. Kurtz, an infant, by his next friend and mother, Nora W. Kurtz, filed a petition in the Orphans' Court of Garrett County, wherein it is alleged that John Kurtz, late of Garrett County, died on or about the 12th day of February, 1935, leaving his infant son, the petitioner, and his widow, surviving him, and that the last will and testament of John Kurtz was probated in Cambria County in the State of Pennsylvania, and that a certified copy of said will was filed in the Orphans' Court of Garrett County; that under said will one-half of the estate went to the sister, brother, nieces, and nephews of the testator, and that John Kurtz was a resident of Garrett County, Maryland, and charging that the probate of said will in the State of Pennsylvania was null and void, and letters testamentary granted thereon by the court in Cambria County were of no effect. The petition further states that the paper writing so probated was not the will of John Kurtz, and that the said John Kurtz died intestate, and that the said John Kurtz was not of sound mind and capable of making and executing a valid will or deed, and that the paper writing was procured by undue influence exercised and practiced upon him by the executors named in said alleged will, and by a sister, Elizabeth Mc-

Gough, and praying that Albert Kurtz and Albert W. Stenger be required to answer the premises, and that the order admitting the alleged will to probate be annulled and set aside, and that the letters testamentary granted the alleged executors be revoked.

In a subsequent petition it was alleged that John Kurtz lived at McHenry, in Garrett County, Maryland, at the time of his death, and prayed that an order might be passed for taking testimony to determine the residence and domicile of the deceased, at the time of his death. Upon this petition an order was passed setting the matter down for hearing. Albert W. Stenger had been appointed ancillary administrator of the last will of John Kurtz, deceased, by the Orphans' Court, and he filed an answer denying the right of John W. Kurtz, the infant, to bring into question the domicile of John Kurtz, deceased, and admitting that the will of John Kurtz had been admitted to probate in Cambria County, Pennsylvania, in accordance with the law of that state, and that the question of his domicile was conclusively determined thereby; that a true copy of the will was filed in the Orphans' Court of Garrett County to be recorded, and for such purposes as are prescribed by law (Code, art. 93, sec. 364) ; that no action has been taken in said court to attack the validity of the act of the register of wills in accepting and filing the copy of said will and testament; and that the Orphans' Court of Garrett County has no jurisdiction to hear and determine the question of the domicile of said deceased; and that the averments in said petition are insufficient to make out a case which the court has jurisdiction to hear and determine under the testamentary law of this state; and further avers, without waiving the question of jurisdiction, that John Kurtz, at the time of the execution of said will, and at the time of his death, was a citizen and resident of the State of Pennsylvania and domiciled therein. There was a replication joining issue upon the allegations contained in the answer. Upon a motion to dismiss the proceedings, the court concluded that before passing upon the question

it desired to hear testimony; whereupon a number of witnesses were examined, principally with relation to the residence and domicile of said John Kurtz, and the Orphans' Court concluded that John Kurtz, at the time of his death, was domiciled in Cambria County, Pennsylvania, and on the 23rd day of July, 1935, passed an order dismissing the petition. From this order of dismissal, this appeal was taken.

There is no contention that the copy of the will of John Kurtz, as filed in the Orphans' Court of Garrett County on the 1st day of March, 1935, was not properly authenticated under the Act of Congress. Upon the filing of this copy, Albert W. Stenger, the executor named in the will, was appointed ancillary administrator.

The question presented in this appeal is whether an orphans' court in this state can assume jurisdiction and proceed with the probate of the will and administration of the estate, and disregard the action of a sister state that has already probated the will and assumed jurisdiction of the estate, where there are conflicting contentions as to the domicile of the deceased at the time of his death.

Orphans' courts in this state, when confronted with the question of probate of wills, are obliged to decide the domicile of testator as a preliminary question. In the will here the testator had declared himself to be a resident of Cambria County in Pennsylvania, and the facts offered in evidence support this declaration. In this case, however, the question of residence had already been decided in a sister state. The will had been there probated and letters testamentary had been granted in pursuance of the provisions of the will, and this judicial proceeding cannot here be disregarded. The full faith and credit provision of the Constitution of the United States (section 1, article 4), together with the certification of the will and probate, in pursuance of section 905 of the United States Revised Statutes (28 U. S. Code Ann., sec. 687), and the acceptance of this certified copy of the will, and the action of the court under it in appointing an ancillary administrator of the estate, would now preclude

the court from doing other than what it did. *John Hopkins University v. Uhrig,* 145 Md. 114, 125 A. 606; *Harding v. Schapiro,* 120 Md. 541, 87 A. 951; *Bridge v. Dillard, Executor,* 104 Md. 411, 65 A. 10; *Whiting v. Shipley,* 127 Md. 113, 118, 96 A. 285; *Stanley v. Safe Deposit & Trust Co.,* 87 Md. 450, 451, 40 A. 53; *Pattison v. Firor,* 146 Md. 243, 126 A. 109; *State ex rel. Ruef v. District Court,* 34 Mont. 96, 85 P. 866.

These cases and others show the necessity for a decision as to the preliminary question of residence of the deceased in the granting of probate of wills and in the administration of estates, and in them the limitation prescribed by the full faith and credit provision of the Constitution of the United States, the operation of the Act of Congress, *supra,* and of section 364, article 93, of the Code, is discussed, especially in *John Hopkins University v. Uhrig, supra,* and cases cited therein, and in *State ex rel. Ruef v. District Court, supra.*

In the instant case, if the question of domicile were open, it could be disposed of by holding that, while the testimony is conflicting, the preponderance of evidence shows that John Kurtz was a resident of the State of Pennsylvania and of Cambria County, and therefore in that county the will should be probated, and the administration of the estate should proceed under that jurisdiction. But the court in a sister state having probated the will and assumed jurisdiction with regard to the estate, and under the Act of Congress a certified copy having been filed here for such purposes as are recognized by law, and especially those prescribed in article 93, section 364, of the Code, and it having granted ancillary administration on the estate, the Orphans' Court of Garrett County acted in accordance with law in dismissing the petition, from which action this appeal is taken, and the order of the Orphans' Court must be affirmed.

*Order affirmed, the appellant to pay costs.*