ZEULA E. ROACH ET AL. *v.* PETER P. JURCHAK ET AL.

[No. 13, January Term, 1944]

*Decided February 2, 1944.*

The cause was argued before SLOAN, C. J., DELA-PLAINE, COLLINS, MARBURY, MELVIN, and BAILEY, JJ.

*William A. Gunter* submitted on brief for the appellants.

*Paul M. Fletcher* submitted on brief for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

William F. Roach, a resident of Wilkes-Barre, Pennsylvania, for a number of years, but originally domiciled in Allegany County, Maryland, made a will on May 6,

1941, devising all his property, including his real estate in Frostburg, to Elizabeth Deiter and appointing Peter P. Jurchak his executor. The testator died in a mental hospital on March 23, 1942, and his will was admitted to probate by the Register of Wills for Luzerne County, Pennsylvania, on October 14, 1942. His widow, Zeula E. Roach, and four children were notified that the will would be offered for probate at the Orphans' Court for Allegany County, Maryland, on August 27, 1943. On that day the widow and children filed a caveat petition alleging that the testator was mentally incompetent, and his will was procured by undue influence. The executor thereupon explained that he was not presenting the will for probate, but only an authenticated copy for record. Caveators are appealing from an order of the orphans' court dismissing their petition.

The Maryland testamentary statute provides that whenever any interest in real estate shall pass under a domestic or foreign will probated elsewhere than in the county of the State or City of Baltimore in which the real estate is situated, a certified copy of the will and the order admitting it to probate shall be recorded and indexed in the office of the register of wills of the county or city in which the real estate is situated. Code, Art. 93, Sec. 85. The statute further provides that when any person interested in any devise or bequest of property within the limits of this State, contained in any will probated in any other State or foreign country, procures a copy of the will with a certificate of the probate thereof and files the same in the office of the register of wills, it shall thereupon be the duty of the register of wills to record the same as other wills admitted to probate in his office. Code, 1939, Art. 93, Sec. 369. When a copy of a foreign will is presented to the register of wills, and he finds that it has been properly authenticated, it is his statutory duty to record it. The orphans' court has no jurisdiction to entertain a caveat to such copy, because the sole inquiry is whether it is duly authenticated. The register of wills is charged by the statute with the duty

of determining whether the proof is sufficient to warrant admission of the copy to record. *Budd v. Brooke,* 3 Gill 198, 232, 43 Am. Dec. 321; *Beatty v. Mason,* 30 Md. 409, 413. The purpose of the record is to furnish a controlling guide for the orphans' court in granting letters of administration *cum testamento annexo* and in settling and distributing the estate. *Dalrymple v. Gamble,* 66 Md. 298, 312, 7 A. 683, 8 A. 468. The policy of our law is to give full force and effect to every authenticated record of probate in another State evidencing a will disposing of property in Maryland. Any such will and probate, when authenticated according to the statute and recorded by the register of wills, stands upon the same footing as wills made by residents of Maryland and admitted to probate by the orphans' courts of this State. *Johns Hopkins University v. Uhrig,* 145 Md. 114, 120, 125 A. 606.

It is a universal principle of the common law that the formalities necessary for transfer of real estate, whether *inter vivos* or testamentary, are governed by the *lex loci rei sitae,* irrespective of the *lex domicilii. Lindsay v. Wilson,* 103 Md. 252, 265, 63 A. 566; *Robertson v. Pickerell,* 109 U. S. 608, 3 S. Ct. 407, 27 L. Ed. 1049. The State has plenary power to determine the manner in which real estate within its borders may be conveyed or devised, and to prescribe the manner of administration of estates of deceased persons as to all property within its jurisdiction. *Parnell v. Thompson,* 81 Kan. 119, 105 P. 502; *Hines v. Hines,* 243 Mo. 480, 147 S. W. 774. In determining the validity of a devise of real estate situated in Maryland, our law governs as to the execution of the will and the testator's capacity to make the will, and no devise is valid unless made and proved in the mode prescribed by the laws of this State. *Rackemann v. Taylor,* 204 Mass. 394, 90 N. E. 552; *Payne v. Payne,* 239 Ky. 99, 39 S. W. 2d 205; *Ford v. Ford,* 70 Wis. 19, 33 N. W. 188, 194; *McCormick v. Sullivant,* 10 Wheat. 192, 6 L. Ed. 300.

It is manifest that the courts of a State cannot affect persons and things beyond their jurisdiction. *Stacy v.*

*Thrasher,* 6 How. 44, 61, 12 L. Ed. 337, 344. By mandate of Article 4, Section 1, of the Constitution of the United States, full faith and credit must be given in each State to the public acts, records and judicial proceedings of every other State. The Act of Congress implementing the full faith and credit clause requires that records duly authenticated shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken. 28 U. S. C. A., Sec. 687. "But," as Justice Story said, "this does not prevent an inquiry into the jurisdiction of the Court in which the original judgment was rendered to pronounce the judgment, nor an inquiry into the right of the State to exercise authority over the parties or the subject-matter, nor an inquiry whether the judgment is founded in and impeachable for a manifest fraud. The Constitution did not mean to confer any new power upon the States, but simply to regulate the effect of their acknowledged jurisdiction over persons and things within their territory." *Story, Conflict of Laws,* 8th Ed., Sec. 609. We hold that a judgment rendered in one State cannot be challenged in a sister State on the ground of errors in the record, except such as prove that the court had no jurisdiction of the case, or that the entry of the judgment was beyond its power. *Kurtz v. Stenger,* 169 Md. 554, 182 A. 456; *Coane v. Girard Trust Co.,* 182 Md. 577, 35 A. 2d 449. Chief Justice Stone recently reaffirmed the principle in *Magnolia Petroleum Co. v. Hunt,* 321 U. S. 801, 64 S. Ct. 208, 212, in these words: "In the case of local law, since each of the states of the Union has constitutional authority to make its own law with respect to persons and events within its borders, the full faith and credit clause does not ordinarily require it to substitute for its own law the conflicting law of another state, even though that law is of controlling force in the courts of that state with respect to the same persons and events." We accordingly hold that the full faith and credit clause of the Federal Constitution does not give extra-territorial

force and effect to a decree of probate by requiring a sister State wherein real estate is situated to surrender its authority over transfer of title and dispense with the formalities and proof which may be required for a will in that State. The probate of a will, while conclusive as to title to property within the jurisdiction of one State, cannot supplant the formal and substantial requirements for the validity of a will of real estate in another State. The validity of a will in sister States depends upon whether is was executed in conformity with their laws; and if probate is required there also, it must be ordered before the will can be accepted as evidence. *Selle v. Rapp*, 143 Ark. 192, 220 S. W. 662, 13 A. L. R. 494; *Trotter v. Van Pelt*, 144 Fla. 517, 198 So. 215, 131 A. L. R. 1018; *Robertson v. Pickrell*, 109 U. S. 608, 3 S. Ct. 407, 27 L. Ed. 1049.

Of course, the Legislature unquestionably has the power to give conclusive effect to wills probated in other States, if it cares to do so. Such legislation, however, rests merely in comity, which every State is at liberty to extend. Whether a certain will is subject to caveat depends upon the statutes of the State. The applicable section of our statute provides that every will executed outside the State of Maryland in the mode prescribed by the law of the place where executed, or according to the law of the testator's domicile, shall be deemed to be legally executed, provided the will is in writing and subscribed by the testator. Code, Art. 93, Sec. 350. Inasmuch as the will in question is in writing and subscribed by the testator, and has been admitted to probate in accordance with the law of Pennsylvania, it is imperative that we hold it to be legally executed.

In 1894 the Legislature added an amendment to this section, which now provides that "if the testator was originally domiciled in Maryland, although at the time of making the will or at the time of his death he may be domiciled elsewhere, the said last will or testamentary instrument so executed shall be admitted to probate in any orphans' court of this State; and when so admitted shall be governed by and construed and interpreted ac-

cording to the law of Maryland, without regard to the *lex domicilii,* unless the testator shall expressly declare a contrary intention in said will or testamentary instrument." Acts of 1894, Chap. 151; Acts of 1914, Chap. 238; Code, 1939, Art. 93, Sec. 350. This additional clause authorizes probate of a will "so executed" by a non-resident of Maryland originally domiciled here; but it makes no provision for probate of a copy of a will after its probate by a court of a sister State or a foreign country.

The cardinal rule of statutory construction is that statutes should always be construed to effectuate the intention of the Legislature. Its meaning and intention must first be sought in the language of the statute itself. If the language is plain and free from ambiguity, and expresses a definite and sensible meaning, that is conclusively presumed to be the meaning the Legislature intended to convey. So the court is not at liberty to surmise a legislative intention contrary to the letter of the statute, or to indulge in the license of inserting words with the view of making the statute express an intention which is not evidenced in the original form. It is only when some imperative reason is found in a statute for enlarging or restricting its meaning that the court is justified in disregarding the natural import of its language. *Wilson v. State,* 21 Md. 1; *Brenner v. Brenner,* 127 Md. 189, 96 A. 287; *State Tax Commission v. Potomac Electric Power Co.,* 182 Md. 111, 32 A. 2d 382. There is no provision in Maryland for probate of a will of a non-resident unless such non-resident was originally domiciled in Maryland. *Lindsay v. Wilson,* 103 Md. 252, 269, 63 A. 566. The clause added by the Legislature of 1894 affords a privilege and procedure where none existed prior to the passage of the Act. We must therefore construe the clause strictly and confine the exception within the limits which the language of the Act naturally imports, by applying the maxim *"expressio unius est exclusio alterius."*

Our conclusion is that the court below acted correctly in dismissing the petition because appellants have no right in Maryland to caveat a copy of a will which has been probated in Pennsylvania.

*Order affirmed, with costs.*