92 Ariz. 354 (1962)
377 P.2d 199
In the Matter of the ESTATE of Mary LYNCH, Deceased.
Lewis LYNCH, Petitioner and Defendant, Appellant,
v.
Mattie L. OLSEN, daughter of Mary Lynch, deceased, et al., Contestants and Plaintiffs, Appellees.
No. 6782.
Supreme Court of Arizona, In Division.
December 28, 1962.
*355 Axline & Shelley, Holbrook, for appellant.
Earl Platt, St. Johns, for appellees.
LOCKWOOD, Justice.
This is an appeal by Lewis Lynch from the order of the Superior Court denying probate of the will of Mary Lynch and refusing to grant the appellant letters of administration with the will annexed, and from the order refusing to grant a new trial and/or rehearing.
Mary Lynch, a member of the Navajo tribe and resident of Apache County, died October 19, 1957, at Holbrook, Arizona. On November 22, 1957, her will was admitted to probate in the Navajo Tribal Court of Indian Offenses, Fort Defiance, Arizona. On April 21, 1958, Mattie L. Olsen, a daughter of Mary Lynch, filed a Petition for Letters of Administration of the Estate of Mary Lynch, deceased, in the Apache County superior court. Lewis Lynch, a son of Mary Lynch, filed objections to the petition of Mattie L. Olsen, and further petitioned for probate of the will and asked that Letters of Administration with the Will Annexed be issued to him. All other heirs of Mary Lynch joined in the petition of Mattie L. Olsen. All issues were then tried as a will contest with Mattie L. Olsen, and all other heirs of Mary Lynch except Lewis Lynch, as plaintiffs, and Lewis Lynch as defendant. The only property of decedent in Apache County consisted of certain items of personal property, i.e. Indian jewelry.
The matter was tried to the court without a jury, and on August 29, 1958, the court filed an opinion and order denying the petition of Lewis Lynch to admit the will to probate and for Letters of Administration with the will annexed. The court further ordered that the Petition of Mary Lynch for Letters of Administration be granted upon furnishing a $10,000 bond.
The defendant then moved for a new trial or rehearing. After a motion was argued and submitted for decision, the court on October 8, 1958, filed another opinion and order denying the motion for a new trial or rehearing, and further ordering "that that portion of the Order heretofore entered granting the petition of Mattie L. Olsen for letters of Administration be and the same is hereby vacated *356 and the Court takes this matter under further advisement."
From the record it appears that although neither party was granted the relief sought in the trial court, only the defendant appeals. In the opinions filed by the trial court it was stated that the defendant was denied the relief sought because Mary Lynch, at the time of execution of her will, did not understand the nature of her act, did not understand the nature of her property, and was acting under undue influence. The reason for denying the relief sought by plaintiff does not appear.
Many assignments of error are alleged by the defendant, but these need not be discussed, for the reason that in our opinion this case is governed by A.R.S. § 14-343:
"If on the hearing it appears on the face of the record that the will has been proved, allowed and admitted to probate in another state or foreign country, and that it was executed according to the law of the place in which the will was made, or in which the testator was at the time domiciled, or in conformity with the laws of this state, it shall be admitted to probate and have the same force and effect as a will first admitted to probate in this state, and letters testamentary or of administration shall be issued thereon."
Although this statute has not been directly interpreted by this Court, it was adopted from California[1] and we look to interpretation of the California statute for guidance. The Federal Court of Appeals for the ninth circuit in Patterson v. Dickinson, 193 F. 328 (9th Cir.1912), applied the California law, and therein stated that upon application for the probate of a foreign will it is strictly an ancillary proceeding and not for the purpose of establishing rights of succession or concerning questions of fraud or undue influence. Otherwise, much confusion would arise in the settlement of estates.[2]
The trial court stated in its findings and opinion; "It is an admitted fact that Mary Lynch did execute a will and *357 that the same was probated in the Navajo Tribal Court." The will referred to by the trial court was produced and filed in the Arizona proceedings. Section 14-343 provides that the will shall be admitted to probate in Arizona if it has been proved, allowed and admitted to probate in another state or foreign country. The Navajo Indian Tribe is not strictly speaking "another state or foreign country," but there can be no question that its courts have a separate jurisdiction from the Arizona courts. Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959); reversing Williams v. Lee, 83 Ariz. 241, 319 P.2d 998 (1958), is in point. The United States Supreme Court, speaking generally of the treaty between the Navajo Nation and the United States Government, stated:
"Implicit in these treaty terms, as it was in the treaties with the Cherokees involved in Worcester v. State of Georgia [6 Pet. 515, 8 L.Ed. 483], was the understanding that the internal affairs of the Indians remained exclusively within the jurisdiction of whatever tribal government existed. Since then, Congress and the Bureau of Indian Affairs have assisted in strengthening the Navajo tribal government and its courts." (Emphasis supplied.)
We are therefore of the opinion that the proceedings held in the Navajo Tribal Court must be treated the same as proceedings in a court of another state or foreign country, and that A.R.S. § 14-343 is applicable to the case at bar. We hold that since there was no question that the will of Mary Lynch had been admitted to probate in the Navajo Tribal Court, the superior court of Apache County did not have authority to inquire into the execution of the will, and should have admitted it to probate.
Case reversed and remanded to the Superior Court with directions to admit the will to probate, and for other proceedings not inconsistent with this opinion.
STRUCKMEYER, J., and ROBERT O. ROYLSTON, Judge of Superior Court, concurring.
NOTES
[1] See West's Ann.Prob.Code § 362. "Effect of probate of foreign will. If it appears from such authenticated order or decree, or if it be otherwise proved in cases in which there is no such order or decree, that the will has been admitted to probate in another state or country, or established or proved in accordance with the laws thereof, and that it was valid according to the law of the place in which the testator was domiciled at the time of his death, or according to the law of this State, it shall be admitted to probate and have the same force and effect as a will first admitted to probate in this State, except as limited by Section 26 of this code, and letters testamentary or of administration with the will annexed shall issue thereon to the petitioner."
[2] See also Roach v. Jurchak, 182 Md. 646, 35 A.2d 817 (1944), Rackemann v. Taylor, 204 Mass. 394, 90 N.E. 552 (1910).